## CAMP *vs*. THE STATE.

[INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS WITHOUT LICENSE.]

1. *Special act of 'Dec.* 16, 1851, *" to regulate the sale of spirituous liquors in the town of Elyton,"* not repealed by Code.—The act of December 16th, 1851, entitled " an act to regulate the sale of spirituous liquors in the town of Elyton", being a local act inconsistent with the provisions of the Code on the subject of retailing, is expressly continued in force by section 10 of the Code; and, since the two statutes cannot operate together within the same territorial limits, the town of Elyton, with the territory within two miles thereof, is not governed by the provisions of the Code against retailing without a license.

2. *Form of indictment allowed by the Code not sufficient under this act.*—When the State proceeds for a violation of this special act, the indictment must be framed in reference to it, and must either conform to its letter or substance, or must state the facts which constitute the offence created by it: the general form of indictment allowed by the Code (§ 1059) is not sufficient.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. GEORGE D. SHORTRIDGE.

THIS indictment was found at the August term, 1854, and was in the general form allowed by the Code (§ 1059.) On the trial, as the bill of exceptions states, " the State proved, by one Matthew Patton, that in the month of July, 1854, he bought a drink of whiskey from the defendant, and paid him ten cents for it; and that said whiskey was so bought in the town of Elyton, in the county of Jefferson. The defendant then introduced and read the act of the legislature of this State, approved December 16th, 1851, entitled ' an act to regulate the sale of spirituous liquors in the town of Elyton', and thereupon moved the court to exclude the evidence of the State as improper under this indictment; which the court refused to do, and the defendant excepted. The defendant then asked the court to charge the jury, that on the evidence of the State and of the defendant, under this indictment, their verdict ought to be for the defendant; which charge the court refused, and the defendant excepted."

These two rulings of the court are now assigned for error.

E. W. Peck, for the appellant.

M. A. Baldwin, Attorney General, *contra*.

RICE, J.—The act of December 16th, 1851, entitled "an act to regulate the sale of spirituous liquors in the town of Elyton", is a law of a local nature, operating only in that town and within two miles thereof; and is, therefore, expressly continued in force by section 10 of the Code.

The provisions of this act, and the provisions of the Code upon the subject of retailing without a license, are inconsistent with each other, and cannot operate together within the same territorial limits. The effect of that section of the Code which continues this act in force, is, to except the town of Elyton, and the territory within two miles thereof, from the operation of the provisions of the Code against retailing without a license.

That act created an offence, and prescribed its constituents, without reference to anything else. Facts which would constitute this offence, would not constitute the offence of retailing without a license as defined by the Code. The penalty for a violation of the act, is not the same as the penalty for a violation of the provisions of the Code against retailing.

An indictment authorized by section 1059 of the Code, for retailing, is not a proper indictment when the State proceeds only for a violation of the provisions of the act of 1851. To justify a conviction upon proof merely of a violation of the provisions of the aforesaid act, the indictment must be framed in reference to the act, and must either conform to its letter or substance, or must state the facts which constitute the offence created by the act.—Skains v. The State, 21 Ala. R. 218 ; The State v. Brown, 4 Porter's R. 410 ; Francois v. The State, 20 Ala. R. 83 ; 2 Waterman's Arch. Cr. Pl. 86–2 ; 1 Hale, 517 to 535 ; 2 *ib.* 170; 2 East's Rep. 333 ; 1 T. R. 141 ; 1 East's Rep. 643 ; 15 *ib.* 456.

The court below erred, in overruling the motion of defendant to exclude the evidence of the State, and also in refusing the charge asked by defendant; its judgment is, therefore, reversed, and the cause remanded.