## Ex Parte HOWARD.

[APPLICATION FOR BAIL IN CASE OF HOMICIDE.]

1. *Indictment for homicide of slave by cruel treatment.*—Under an indictment for the homicide of a slave by cruel whipping, beating, or other cruel or inhuman treatment, framed under section 3296 of the Code, the prisoner cannot be convicted of a higher offense than murder in the second degree.
2. *Right of bail.*—A prisoner, in custody under an indictment for the homicide of a slave, framed in reference to section 3296 of the Code, is entitled to bail as a matter of right.

THE petitioner was indicted at the fall term, 1856, of the circuit court of Macon, for the homicide of a slave, alleged to have been caused by cruel whipping or beating. At the first term, his case was continued by the State, against his objection. He afterwards applied for bail, on *habeas corpus,* before the Hon. ROBERT DOUGHERTY, who refused it; and the evidence submitted being set out on exceptions to the decision of the judge, he now renews his application to this court.

GEO. W. GUNN, for the petitioner.

M. A. BALDWIN, Attorney-General, *contra.*

RICE, C. J.—The indictment in this case is framed in reference to section 3296 of the Code, which declares, that "any owner, overseer, or other person having the right to correct any slave, who causes the death of such slave by cruel whipping, or beating, or by any other cruel or inhuman treatment, or by the use of any instrument in its nature calculated to produce death, though without any intention to kill, is guilty of murder in the second degree, and may be guilty of murder in the first degree."

When the owner, or overseer, or other person having the right to correct a slave, causes his death, by such means, and under such circumstances, as to make the homicide murder in the first degree, the indictment ought to be an indictment for murder, framed according to the

common law or the Code. If the indictment is framed under section 3296 of the Code, there cannot be a conviction under it for murder in the first degree; for that section prescribes the constituents of the offense specifically provided for in it, and declares that particular offense to be murder in the second degree. When the indictment is framed in reference to that section, the defendant cannot be convicted under it for a higher offense than murder in the second degree, although he may be guilty of murder in the first degree, and although he might have been convicted of that offense under an indictment for murder framed according to the common law or the Code.—Camp v. The State, 27 Ala. 53.

We cannot, upon the indictment, or upon the evidence contained in the present record, say that the defendant can be convicted, or that he ought to be convicted, of murder in the first degree. And therefore, under our constitution and Code, we are compelled to hold, that he is entitled to bail as matter of right.—Const. of Ala., art. I, § 17; Code, §§ 3669, 3670; Ex parte Banks, 28 Ala. 89.

In consideration of the premises, it is ordered by this court, that the said Benjamin Howard be admitted to bail; that the amount thereof be five thousand dollars; and that he be discharged out of the custody of the sheriff and jailor of Macon county, upon his giving a written undertaking, signed by himself and at least two sufficient sureties, agreeing to pay to the State of Alabama five thousand dollars, unless he, the said Benjamin Howard, appear at the next term of the circuit court of Macon county in said State, and from term to term thereafter until discharged by law, to answer the offense of murder in causing the death of his slave Jake, charged against him in an indictment now pending in said circuit court; the said undertaking to be approved by the sheriff of said county of Macon, who is hereby directed to take bail under this order.