# Gilmore *v.* The State.

*Indictment for Illegal Sale of Spirituous Liquors.*

125    59
129   117

1.  *Selling spirituous liquors in violation of special law.*—Where a special local statute prohibits the sale or other disposition of spirituous, vinous or malt liquors within three miles of "Vernon Methodist Church in Lamar county, Alabama," an indictment which charges that the defendant "did sell, give away, deliver or otherwise dispose of spirituous, vinous or malt liquors, intoxicating bitters or other intoxicating drinks at or within three miles of Vernon Methodist Church in Lamar County, Alabama, without a license and contrary to law," &c., is sufficient to charge a violation of such statute, and not subject to demurrer.

2.  *Local prohibition law; effect thereon of act amending charter of a municipality within the prohibition district.*—Where an act amending the charter of a municipality confers upon the mayor and councilmen thereof the power to license and regulate the selling or disposing of spirituous, vinous or malt liquors within the corporate limits of said town, and also

provides that all laws in conflict with such act are repealed, such statute does not, until there is by the mayor and councilmen of such municipality an exercise of the power conferred upon them to license or otherwise regulate the sale of spirituous liquors, supersede, annul and repeal the provisions of a prior act which made it unlawful to sell or otherwise dispose of spirituous, vinous or malt liquors within the limits of said municipality.

3. *Violation of local prohibition law; sufficiency of evidence.*—One who, at the instance of a purchaser, takes his money and obtains therewith whiskey from a third party, which he subsequently delivered to the person from whom he obtained the money, is guilty of violation of an act "to prevent the selling, giving or delivering, or otherwise disposing of any spirituous, vinous or malt liquors," within certain designated localities in the State; it being shown that the said transaction was had within one of the designated localities.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

The appellant was tried and convicted under the following indictment: 1. "The grand jury of said county charge that before the finding of this indictment that Wilson Gilmore sold spirituous, vinous or malt liquors without a license and contrary to law."

2. "The grand jury of said county further charge that before the finding of this indictment Wilson Gilmore did sell, give away, deliver or otherwise dispose of spirituous, vinous, or malt liquors, intoxicating bitters, or other intoxicating drinks, at or within three miles of Vernon Methodist Church, in Lamar county, Alabama, without a license and contrary to law."

3. "The grand jury of said county further charge that before the finding of this indictment Wilson Gilmore did sell, give away, deliver, or otherwise dispose of spirituous, vinous, or malt liquors, intoxicating bitters, or other intoxicating drinks, at or within three miles of Vernon Methodist Church, in Lamar county, Alabama, contrary to law, against the peace and dignity of the State of Alabama."

The judgment entry recites that a demurrer interposed by the defendant to the indictment was overruled, but the demurrer is not set out in the transcript.

Upon the trial of the case, the State introduced as a witness one E. F. Collins, who testified that within a year before the filing of the indictment, he came to the town of Vernon, in Lamar County, and meeting the defendant on the streets of said town, told him that he would like to have something to drink as it was very cold, that the defendant said he had nothing himself, and did not know whether any whiskey could be gotten in town or not; that thereupon the witness handed the defendant half a dollar and asked the defendant to buy him some whiskey; that a short time thereafter, the defendant came back to the witness and delivered to him a pint of whiskey; that the whiskey was delivered to him in the town of Vernon at a place within 300 yards of the Vernon Methodist Church.

The State then introduced the special act of the legislature to prevent the selling, giving away or otherwise disposing of any spirituous, vinous or malt liquors within three miles of the Methodist Church in Vernon, Lamar county, which special act is found in the Session Acts of the Legislature of 1884-1885, on pages 570-575.

The defendant as a witness in his own behalf testified that he did not sell any whiskey to the witness Collins; that at the request of Collins he took the half dollar for the purpose of trying to get whiskey as requested by Collins; that in a few moments he met one Moore, and asked him if he knew where he could buy any whiskey; that he gave Moore the fifty cents, which Collins had given him, and asked him to buy him some whiskey with it; that soon thereafter Moore brought the bottle of whiskey which the defendant delivered to the witness Collins.

The defendant testified that he did not own the whiskey, made no profit in the transaction, and did not know from whom or where said Moore got the whiskey.

The defendant introduced in evidence the act of the legislature contained on pages 519-531, inclusive, of the Sesssion Acts of the General Assembly of Alabama of 1898-1899, entitled "an act to amend, ratify and confirm the charter of the town of Vernon in Lamar county." The provisions of this act, so far as they relate to. the present case, are sufficiently stated in the opinion.

In rebuttal the State showed that the mayor and councilmen of the town of Vernon, Lamar County, had not, since the approval of said act, passed or adopted any ordinance, licensing or regulating the selling or giving away of spirituous, vinous or malt liquors in the town of Vernon.

Upon the introduction of all the evidence the court at the request of the State gave to the jury the general affirmative charge in its behalf.

W. A. YOUNG, for appellant.—The prohibition act relied on is the same character of law as that amending the charter, and while section nine of the latter act makes it a public statute, yet it is not a general law, and applying to the same locality would by implication repeal the former inconsistent law. Section 18 of the later statute repeals all laws in conflict. See *Maxwell v. State*, 89 Ala. 150; *Brison v. State*, 89 Ala. 105.

CHAS. G. BROWN, Attorney-General, for the State, cited Black on Intoxicating Liquors, § 80; *Ib.* 380; *Foster v. State*, 45 Ark. 361; Black on Intoxicating Liquors, § 421.

HARALSON, J.—1. The demurrer to the indictment is not set out in the transcript; but defendant's counsel, in his assignment of errors states, that it was to the 2d and 3d counts, and on the ground that there was no statute prohibiting the acts charged therein. In this the counsel seems to have been inadvertent. The legislature had adopted an act, "To prevent the sale, giving away, or delivering, or otherwise disposing of any spirituous, vinous or malt liquors, intoxicating bitters or any other intoxicating drinks at or within the localities in this State hereinafter designated, to-wit" (describing them). Among the number of designated places was any place within three miles of Vernon Methodist Church in the county of Lamar. The act itself contains the prohibition as to this church, as it is mentioned in the caption. The penalty prescribed in the act against any person violating its provisions is, a fine on conviction of

not less than $30 nor more than $100, and he may be sentenced also to hard labor for the county for not more than three months.—Acts, 1884-85, p. 570.

Counts 2 and 3 appear to be well within the provisions of the special statute, sufficiently referred to in the indictment, and we fail to see that they were subject to demurrer.—Black on Int. Liquors, §§ 450, 476; *Block v. The State,* 66 Ala. 493.

2. It is insisted, that said act of the legislature was repealed by a later one, "To amend, ratify, and confirm the charter of the town of Vernon, in Lamar county," approved February 2d, 1899.—Local Acts, 1898-99, p. 519. Section 4 of that act provides, (sub-divisions 28, 29, 30 and 31), that the mayor and councilmen shall have the following powers,—to license, regulate and restrain the selling or giving away of any spirituous, vinous or malt liquors within the corporate limits of the town; to revoke all licenses; to close houses and places for the sale of intoxicating liquors, when the public peace and safety may require it; to forbid and punish the selling or giving away of any spirituous, vinous or malt liquors to any minor, habitual drunkard, or person of feeble mind; and the last section provides, that all laws in conflict with the act are repealed.

It is a familiar principle, that "the repeal of statutes by implication is not favored, and is never allowed, when a reasonable field of operation can, by any just or fair construction, be found for each statute; but when there is a manifest repugnancy between the two statutes, or when the later shows a clear legislative intention that it shall be the only rule governing in reference to the particular matter, it necessarily repeals the former statute."—*Parker v. Hubbard,* 64 Ala. 203; *Riggs v. Brewer, Ib.* 283; *Iverson v. State,* 52 Ala. 170; *Camp v. State,* 27 Ala. 53.

If the powers conferred by the charter on the municipal authorities of the town of Vernon, to license and regulate the sale of intoxicants, were never exercised by them, but lay dormant, there exists no reason why the special act under which defendant was indicted, should not continue to have operative effect, at least till such

[Martin v. The State.]

time, if ever, when these authorities may by proper ordinance proceed to carry into effect these charter powers. Thus construed, a reasonable, field of operation is given to both the acts.—*Olmstead v. Crook*, 89 Ala. 228; *Ex parte Mayor and Council of Anniston*, 90 Ala. 516.

3. That the party to whom the liquor is said to have been sold, bought it, and that the transaction was a sale, can not be disputed. He paid money, and got the whiskey in return for it. The fact that defendant did not own the whiskey and received no part of the money paid for it, constituted no defense, nor did it require any specific intent to violate the statute. No other intent was necessary than the act of delivering the liquor by defendant to the purchaser itself imports. The law was broken when this act was voluntarily done. Whoever aids, or abets, counsels or procures the sale, giving away or delivering of intoxicating liquors, may be indicted as a principal in the transaction under this special statute. Black on Intox. Liquors, § 380; *Baine v. State*, 61 Ala. 75; *Hill v. State*, 62 Ala. 168; *Cogle v. State*, 87 Ala. 38.

The special statute was read in evidence; its sale, defendant's agency in aiding and procuring it to be consummated, and that it took place within 300 yards of the church, were all proven without conflict in the evidence, and the general charge for the State as requested was properly given.

Affirmed.