[State of Alabama *ex rel.* Mayor and Council of the Town of Elba v.
Rushing, Judge, &c.]

# State of Alabama *ex rel.* Mayor and Council of the Town of Elba *v.* Rushing, Judge, &c.

|140 187
|e142 697

*Petition for Mandamus.*

1. *Local, prohibition law; when repealed by subsequent act.*—The act of the General Assembly approved December 7, 1896, prohibiting the sale of liquor within five miles of the Elba High School in the town of Elba, was not, *ipso facto* repealed by the provisions of the charter of the town of Elba, conferring upon the mayor and council of said town the power to restrain, license and regulate the sale and dispensing in said town of spirituous, vinous or malt liquors; but until the power so conferred was exercised by licensing the liquor traffic in said town, the earlier prohibitory act continues in force.

2. *Dispensary; city having local prohibition not authorized to establish dispensary.*—Under the provisions of the act approved February 18, 1899, authorizing municipalities and other subdivisions of the State to establish and maintain dispensaries, (Acts of 1898-1899, p. 108), a town or city in which there was local prohibition, had no power or authority to establish a dispensary under the said act; and so long as the act providing for local prohibition in a town or city remains unrepealed, such town or city has no right, power or authority to establish a dispensary, and is not entitled to have a license issued under the dispensary act.

APPEAL from the County Court of Coffee.

Heard before the Hon. J. F. SANDERS.

The proceedings in this case were had upon a petition filed by the State of Alabama on the relation of Buck and others, constituting the Mayor and Councilmen of the town of Elba, addressed to the Judge of the county court of Coffee county, in which the following facts were averred: Under the general dispensary law passed by the General Assembly of Alabama, approved on Febru-

ary 18, 1899, the petitioners as a legislative body of the town of Elba had authority to conduct and carry on in the name of said town, a dispensary. On January 1, 1900, the petitioners established a dispensary under said law and continued to conduct the same in the town of Elba up to December 31, 1903. On the 1st day of January, 1904, and again on the 21st day of January, 1904, the petitioners tendered to the respondent, F. M. Rushing, as judge of probate of the county of Coffee, the sum of $750, which was the amount of the State and county license for conducting a dispensary in the town of Elba, and demanded of said judge the issuance of a State and county license, but said judge refused to issue the license as so requested.

The prayer of the petition was that an alternative writ of *mandamus* be issued directed to the said respondent, as judge of probate, commanding him to issue to the petitioners the license requested, or to show cause why the rule *nisi* should not be made final, and that upon the hearing a writ of *mandamus* be issued directing and commanding said judge to issue the license to said petitioners. The rule *nisi* was issued in accordanct with the prayer of the petition, and being served upon the respondent, he filed his answer, in which he stated that he did not issue the license to the petitioners, upon the following grounds: "That under the provisions of the act of the legislature of Alabama, approved September 25, 1903, repealing the general dispensary law, so far as the same related to the county of Coffee, and establishing prohibition in said county, and under the provisions of a local act of the legislature of Alabama, approved October 1, 1903, establishing a dispensary for the town of Elba, and also under the provisions of a local act of the General Assembly of Alabama, approved December 7, 1896, establishing prohibition within five miles of the Elba High School at Elba, Ala., the said town of Elba, or the mayor and council of said town, have not the authority to conduct a dispensary in said town for the sale of spirituous, vinous or malt liquors."

To this answer petitioners replied that the acts of the legislature approved October 1, 1903, and September 25, 1903, respectively, were unconstitutional and void, and further, that the local act approved December 7, 1896, prohibiting the sale of liquor within five miles of the Elba High School, in the town of Elba, had been repealed, and rendered of no effect by reason of the provisions of the charter of the town of Elba.

The cause was heard by the court upon an agreed statement of facts, which were as follows: "That on the 21st day of January, 1904, the town of Elba, Coffee county, Alabama, had a population of more than five hundred and less than one thousand inhabitants, and that seven hundred and fifty dollars was the correct amount of tax for State and county purposes imposed upon dispensaries under the laws of Alabama as a license tax, to be conducted by or in municipalities of the State. And it is admitted further that the town of Elba, Coffee county, Alabama, did on the 1st day of January, 1900, pass and adopt an ordinance in due form establishing a dispensary in the said town of Elba, and providing that the said town of Elba, in its corporate capacity and in its corporate name, should conduct a dispensary for the sale of spirituous, vinous and malt liquors, as provided for in the General Dispensary Act of the General Assembly of the State of Alabama, approved February 18, 1899, and that said ordinance went into effect at once, and the said town thereupon established the said dispensary, elected dispenser, and regularly conducted the said dispensary from the said 1st day of January, 1900, up to and until the 31st day of December, 1903. That on the 1st day of January, 1904, the mayor and council of the said town tendered to Hon. F. M. Rushing, as judge of the probate court of Coffee county, Alabama, seven hundred and fifty dollars in lawful currency, and demanded of him the issuance of a license to them for the conducting of a dispensary by the said town, and tendered to him all lawful fees and charges; said amount being the amount of the license tax for State and county purposes imposed under the laws of the State of Alabama upon dispensaries to be

conducted by municipalities, stating to him the capacity
in which they tendered the said money, and the purpose
of the said tender. That thereupon the said Rushing re-
fused to issue to them such license, stating that he re-
fused upon the ground that two recent acts of the legisla-
ture of Alabama had taken away from the town of Elba
the right to conduct a dispensary, and that thereafter he
was under no duty and had no right to issue the said li-
cense to them."

Upon the hearing the chancellor rendered judgment
that the petitioners were not entitled to the relief prayed
for, and ordered the respondent discharged from further
answer and defense. From this judgment the present
appeal is prosecuted, and the rendition thereof is as-
signed as error.

J. M. CHILTON, WILEY & WILKERSON, H. L. MARTIN
and B. DIXON ARMSTRONG, for appellant.—Does the re-
peal of the general dispensary law and the prohibiting of
the sale in the county, apply to the town of Elba, which
had the right to sell by special charter? Repeals by im-
plication are not favored; and whenever two acts can be
construed together so as to make both stand, it is the
duty of the courts so to construe them.—*City Council v.
Natl. Bldg. & L. Asso.,* 108 Ala. 343; *Iverson v. State,* 52
Ala. 170; *McGruder v. State,* 40 Ala. 349.

The town of Elba has authority under the terms of its
charter of 1898 giving it the authority to regulate and li-
cense the sale of liquors.—(Acts of 1898-9, p. 1193)—to
conduct a dispensary.

The granting of the charter to the town with the pro-
vision therein giving it authority to restrain, license and
regulate the sale of liquor within the said town gave it
the right to establish a dispensary under the provisions
of the general dispensary law of force in the State.
*Olmstead v. Crook,* 89 Ala. 229; *Sheppard v. Dowling,*
127 Ala. 1.

No counsel marked as appearing for appellee.

[State of Alabama *ex rel.* Mayor and Council of the Town of Elba v. Rushing, Judge, &c.]

McCLELLAN, C. J.—The act of December 7th, 1896, prohibiting the sale of liquors within five miles of Elba High School, in the town of Elba, was not, *ipso facto,* repealed by the provision of the charter of the town of Elba (February 21, 1899) conferring upon the mayor and council the power, to be exercised by ordinance, "to restrain, license and regulate the sale and disposal in any way of spirituous, vinous or malt liquors sold or disposed of within the corporate limits of said town; to fix the amount of license not to exceed two thousand dollars;" but until this power is exercised by licensing the liquor traffic in the town, the earlier prohibitory act continues in force.—*Olmstead v. Crook,* 89 Ala. 228; *Ex parte Mayor and City Council of Anniston,* 90 Ala. 516.

It is not made to appear in this case that the mayor and council of Elba has ever adopted an ordinance licensing the sale or other disposition of liquors in the town. It may well be, indeed, that the mayor and council, exercising the power *to restrain,* given along with the power to license and regulate, have adopted an ordinance *prohibiting* the liquor traffic in the town, and making it an offense against the town, as well as against the State, to sell or otherwise dispose of liquors within the corporate limits. However that may be, the fact remains that the prohibitory act of 1896 is not shown to have been repealed, and is, therefore, to be taken to have been in force ever since its enactment and to be now of force and operative.

Section 13 of the act of February 18, 1899, "To authorize municipal and other subdivisions of the State to buy and sell spirituous, vinous and malt liquors, and to further regulate or prohibit the sale of such liquors," (Acts, 1898-9, p. 108), is as follows: "This act shall not be construed to repeal any law, local or general, that tends to prohibit, retard, restrain or restrict the traffc in spirituous, vinous or malt liquors, or intoxicating drinks of any kind;" and the repealing clause of that act is in this language: "All laws and parts of laws that conflict with the provisions of this act, except those referred to in the 13th section of this act, are hereby repealed." And sec-

tion 1 of said act expressly confines its operations to incorporated towns and cities "in which the sale of liquors is not prohibited by law." So that no town or city in which there was such prohibition on February 18, 1899, and which prohibition has continued to this time, has or has ever had the power and authority to establish a dispensary under that act.

From the foregoing propositions, namely: *first,* that the prohibition of the act of December 7th, 1896, has all along been and is now of force in the town of Elba, and, s*econd,* that because of that fact the town of Elba was excluded from the Dispensary Act of February 18th, 1899, it follows that the mayor and council of that town have no right, power or authority to establish a dispensary or to engage in the liquor traffic at all, and they were not entitled to have a license issued to them under said— or any other—act.

We will add that the suggestion of counsel that the fact that the town had by ordinance in 1900 established a dispensary was a repeal of the local prohibition statute, has been considered, but we think it is without merit. The establishment of a dispensary by, and to be operated and maintained by the town, was in no sense the exercise of the power to license given in the charter of 1898 which alone could operate to repeal the local prohibitory act. However, as we have seen, the Dispensary Act in expressed terms provided against a repeal of the local act by its provisions, and also excluded its own operation in the town of Elba because of the prohibitory statute existing in that town.

We have not considered other questions argued in the brief going to the integrity of the acts of September 15, 1903, prohibiting the liquor traffic in Coffee county, and of October 1, 1903, establishing a dispensary in Elba, since on the consideration adverted to, the judgment of the county court denying *mandamus* must be affirmed.

Affirmed.