# Watson *v.* The State.

## *Violating Prohibition Law.*

(Decided April 9, 1912.  58 South. 735.)

1. *Intoxicating Liquors; Punishment; Statutory Provision.*—A defendant against whom prosecution was begun June 3, 1911, for his first offense of violating the prohibition law of 1909, Section 3 of which authorizes punishment by hard labor was not entitled under the provisions of Section 7806, Code 1907, to elect the penalty provided by Acts 1911, p. 268, since under the expression provision of

[Watson v. The State.]

Section 7805, Code 1907, the Acts of 1911, as a penal statute, was not operative until after the commencement of the prosecution.

2. *Statutes; Repeal By Implication.*—The repeal of a statute by implication is not favored and is never allowed when a reasonable field of operation can be found for each statute by any fair construction.

3. *Same; Repugnancy.*—Where there is a manifest repugnancy between two statutes, or where the latter shows a clear legislative intent that it shall govern as to the particular matter, it necessarily repeals the former statute.

4. *Same.*—Acts 1911, p. 249, had no operation until after an election held under it, and as there was no manifest repugnancy between that act and the Act of 1909, p. 8, a defendant was not entitled to the benefit of the penalty provided by the latter act where the prosecution was begun before the latter act became operative.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Allen Watson was convicted of violating the prohibition law, and he appeals. Affirmed.

D. W. CRAWFORD, for appellant. The question presented is whether the prohibition law of 1909, was superseded by the act known as the Smith Bill, Acts 1911, so far as this case is concerned. Under the former act, the court had authority to sentence for hard labor, under the latter act, no such authority was given for the first offense. Therefore, the defendant had the right of selecting as to which penalty he would suffer.—Section 7806, Code 1907, and authortiies cited.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The prosecution was begun before the Smith Bill as a penal statute became operative, and hence, the defendant was not entitled to elect punishment under that act.—*Olmstead v. Crook,* 89 Ala. 228; *Gilmore v. The State,* 125 Ala. 59; *State v. Rushin,* 140 Ala. 187. On these authorities, it may be safely asserted that there was not such repugnancy between the two acts as to deny one or the other

to be operative over the same territory and hence, there was no repeal by implication.

PELHAM, J.—The defendant was prosecuted for violating the prohibition laws on an affidavit dated the 3d day of June, 1911, charging a commission of the offense within 12 months before that date. The warrant issued on the same day the affidavit was sworn out, and the defendant was arrested on the 1st day of August and put on his trial on the 28th day of August, 1911. Upon being arraigned, and before entering a plea, the defendant stated that "he elected to take the new penalty as provided in section 7806 of the Code." "It was admitted by the state and the defendant that the offense for which the defendant was being prosecuted was the illegal sale of a quart of whisky within 12 months before the prosecution was commenced (June 3, 1911), and that the defendant had not at any previous time been convicted in any court of violating the prohibition laws. The defendant thereupon entered a plea of guilty and asserted his right of election to take the mode of punishment as claimed by him on arraignment, but the court disregarded this demand and fixed the fine at $50, and imposed an additional sentence of 60 days' hard labor for the county.

It is the appellant's contention that the sentence of 60 days' hard labor is unauthorized, in that the act approved April 6, 1911 (Smith Bill), Acts 1911, p. 249, § 34, provides only for the imposition of a fine upon conviction for the first offense, and that therefore the court erred in refusing to permit him to elect under the provisions of section 7806 of the Code to take the penalty provided by that act.

The prosecution against the defendant was commenced by an affidavit dated June 3, 1911. The act un-

der the provisions of which the punishment was imposed by the court, known as the "Carmichael Bill," went into effect August 9, 1909 (Acts 1909, p. 9, § 3). The Act of 1911, p. 249 (Smith Bill), being penal in its nature, went into effect 60 days after its approval on April 6, 1911, or on June 5, 1911 (Code, § 7805), two days after the prosecution in this case was commenced by affidavit against the defendant. The repealing clause (section 96, Acts 1911, p. 288) of the act approved April 6, 1911, is as follows: "That nothing in this act shall affect any prosecution pending before the courts of this state." The prosecution in this case against the defendant was pending before the court at the time this act became a law, and even if the act approved April 6, 1911, became a law applicable to the entire state 60 days after its approval, it did not, under the provision quoted exempting pending cases, affect the prosecution then pending against the defendant, and he could therefore claim no benefit from its provisions.

But taking up the other proposition of appellant for consideration: If the court erred in refusing to permit the defendant to elect to take the penalty provided by the act of 1911 (Acts 1911, p. 249), it could only be on the supposition that this act of 1911 (Smith Bill) is in force and effect in every county of the state and operates to repeal all of the provisions of the prohibition laws known as the "Fuller Bill" and "Carmichael Bill" passed in 1909 (Acts 1909, pp. 8, 63), that are in conflict with the provisions of the act passed in 1911, whether or not there has been an election held under the provisions of the companion act of the "Smith Bill," known as the "Parks Bill" (Acts 1911, p. 26), adopting the provisions of the "Smith Bill" and making it operative and of repealing force in that particular county.

There is a reasonable field for the operation of the statutes passed in 1909 prohibiting the sale of intoxicating liquors, and also a field for the operation of the regulation acts of 1911—the former in counties known as "dry counties," where the provisions of the acts of 1911 regulating a legal sale of such liquors have not been adopted, and the latter in those counties where the voters, under the provisions of the latter bills, have expressed a preference for the legalized sale and regulation of intoxicating liquors.

"It is a familiar principle that the repeal of statutes by implication is not favored, and is never allowed when a reasonable field of operation can, by any just or fair construction, be found for each statute; but when there is a manifest repugnancy between the two statutes, or when the latter shows a clear legislative intention that it shall be the only rule governing in reference to the particular matter, it necessarily repeals the former statute.—*Parker v. Hubbard,* 64 Ala. 203; *Riggs v. Brewer,* 64 Ala. 283; *Iverson v. State,* 52 Ala. 170; *Camp v. State,* 27 Ala. 53."—*Gilmore v. State,* 125 Ala. 59, 63, 28 South. 382, 384.

It cannot be said, applying the rule of fair interpretation, that there is a repugnancy between the two sets of statutes passed in 1909 and 1911, respectively.; certainly there is no repugnancy in the operation of each in its respective field, and until the regulation acts of 1911 are adopted and made applicable to a particular county by the voters, acting under the provisions of one of those acts,. there is neither a manifest repugnancy between the two sets of acts, nor a clear legislative intention shown by the provisions of the acts passed in 1911 that such latter acts shall be exclusive and shall be the only rule governing in reference to the matter legislated upon throughout all the counties of the state.

[Watson v. The State.]

The act providing for legal sale and regulation of intoxicants (Acts 1911 p. 249) has no operative effect and is not in force in any county of the state until an election has been held in such county. under the provisions of the act of February 21, 1911 (Acts 1911, p. 26), and the authority therein granted exercised by a majority of the legal voters of that particular county adopting the provisions of the act legalizing the manufacture and sale of intoxicants.  Until the acts of 1911 legalizing the manufacture and sale of liquors have been adopted through the method provided and put into force and effect by the voters of the respective counties, then as to such counties the prohibition laws passed in 1909 (Acts 1909, p. 8 et seq., and page 63 et seq.) are in operative effect, and unimpaired by the passage of the latter acts. For when the power is conferred to legalize the sale of intoxicating liquors within a territory where such sales are prohibited, it does not operate to repeal the prohibitory statute ipso facto, nor does the statute conferring the power to legalize sales within the certain locality become operative until the power so conferred is exercised in the manner provided by the statute granting it; and until such adoption and exercise of the power so conferred the prohibitory statute remains in full force and effect.

This question has been discussed and clearly decided in former adjudications by the Supreme Court, and a citation of the cases will take the place of and avoid the necessity for further discussion of the question here. —*Olmstead v. Cook,* 89 Ala. 228, 7 South. 776; *Ex parte Mayor and Council of Anniston,* 90 Ala. 516, 7 South. 779; *Gilmore v. State,* 125 Ala. 59, 28 South. 382; *State v. Rushing,* 140 Ala. 187, 36 South. 1007.

The sentence to hard labor imposed by the court was authorized under the provisions of the act approved

[Graham v. The State.]

August 9, 1909 (Acts 1909, pp. 9, 10, § 3), whether or not the prosecution was one pending and not affected under the provisions of the concluding clause (96) of the act approved April 6, 1911 (Acts 1911, p. 288), and the judgment will be affirmed.

Affirmed.