# CHARLESTON.

## WYATT *v.* SIMPSON.

### March 4, 1875.

1875.
January Term.

1. The husband and wife are properly united as plaintiffs in a bill, the object of which is to protect and secure the wife's rights and interests in her real estate—the same not being her sole and separate property.

2. The owner of land sold for non-payment of taxes, pays to the recorder $5.99, when it is said he ought to have paid $6.04 as the true amount necessary to redeem. HELD: That this small difference is such as might result from different modes of calculation, and is too trivial in amount to invalidate a transaction of this character.

3. The provision of law that the recorder shall give to the owner, who pays money for redemption, a duplicate receipt, and file one of such receipts in his office, is merely directory, and a failure to file the duplicate does not invalidate the redemption.

4. A court of equity has jurisdiction to set aside a deed made by a recorder to a purchaser of land when the owner redeemed the same within the time required by law.

Appeal from, and *supersedeas* to, a decree of the circuit court of Wirt county rendered on May 8, 1874. The appeal was taken by Joseph H. Simpson and John A. Steel, two of the defendants below—O. L. Williams, late recorder of said county being the remaining defendant. The plaintiffs below were Amanda Wyatt and her husband, James Wyatt.

The case is fully stated in the opinion of the Court.

The Hon. James M. Jackson, judge of said circuit court, presided at the hearing below.

*Walter S. Sands* for the appellants.

*David H. Leonard* for the appellees.

PAULL, JUDGE :

The plaintiffs Amanda Wyatt and her husband, James Wyatt, filed their bill in the circuit court of Wirt county in September, 1873, alleging that a tract of about ninety-one acres of land belonging to the plaintiff Amanda Wyatt, had been sold for the taxes due thereon for the year 1868 ; that the plaintiff had redeemed said land by paying the amount of the redemption money to the recorder of the county of Wirt, within one year of the sale thereof, the defendant Joseph H. Simpson, not being a resident of said county and not being found therein at that time—the receipt for said redemption money being filed as an exhibit with said bill; that this payment was made in October, 1870; that, notwithstanding, subsequently, in December, 1871, the said Simpson applied to O. L. Williams, who was the recorder of the county, (C. B. Fisher being the recorder in 1870,) for a deed for said land; and that said recorder did execute a deed to said Simpson and one Steel, to whom he had assigned an interest in said land, and that said deed was recorded in the recorder's office of said county ; that said deed is a fraud upon the rights of the plaintiff, Amanda Wyatt, and a cloud upon her title, &c., and prays that said deed may be cancelled and set aside, and that her title to said land may be perfected.

A copy of said deed from the recorder to Simpson & Steel is made an exhibit with the bill.

The defendants appeared and demurred to the bill on grounds which will be noticed hereafter.

They also filed an answer, that is defendants Simpson & Steel, admitting the ownership of the land by Amanda Wyatt, the sale of the same for taxes, the purchase of said land by themselves at the time and for the amount set forth in the bill; that they had obtained a deed for

the same from the recorder, but denying that they knew, at that time, that the land had been redeemed,. and denying all fraud upon the rights of the plaintiff; the answer denies, moreover, the sufficiency of the receipt, and alleges that the same has been materially altered since given, and that the same is a forgery and null and void.

O. L. Williams also answers the bill, denying all fraud, and alleging, that the receipt is not in the handwriting of C. B. Fisher, the former recorder.

On these pleadings and exhibits, the cause came on to be heard, and a decree, (reciting that there was replication to the answers) was entered cancelling and setting aside the tax deed to Simpson & Steel, and directing them to convey their interest, by virtue of said deed, to the plaintiff Amanda Wyatt, or, upon their failure, appointing a commissioner to do so, in their behalf.

From this decree an appeal has been had to this Court.

We notice *first* the demurrer to the bill; two grounds are assigned, *first*, that the husband is improperly made a party plaintiff, with the wife, alleging that this is her sole and separate property, and that, therefore, she alone was the proper party. Upon looking into the deed dated April 1, 1867, conveying this land to the plaintiff Amanda Wyatt, we do not find that it conveys to her a sole and separate estate; it simply conveys to her the land, and thereupon her husband's marital rights attached. This is a bill to protect and secure her rights and interests to this property. In this suit and its object his rights and interests are not adverse to her's, but identical with them, in which case it is proper that the husband should be united with her as a party plaintiff. The rule in suits of equity is, in ordinary cases, the same as at law; and the husband must join in the suit. Story on Pleading in Equity, sections 61 and 63; 1 Daniel's Ch. Prac. 3d. Am. ed. 112.

The *second* ground of demurrer, that the receipt of the plaintiff was not properly authenticated, and not certified as required by law, and that the amount alleged to have been paid was insufficient to redeem the land, are more properly matters of proof, rather than grounds of demurrer—they are in the nature of an answer to the bill, which is sufficient, on its face. The demurrer was properly overruled.

We notice, in the *second* place, the defence set up in the answer of defendants, Simpson & Steel. It alleges that the redemption receipt, as given by C. B. Fisher, the recorder, has been materially altered since the same was given, and that the same is a forgery, and utterly null and void. It is said that the figures $5.99 are in lieu of "$5," and that the word "being," immediately following the figures "$5.99," are in lieu of the words "as part of;" and thus it is claimed that the recorder's receipt originally recited that he had received "$5 as part of" the amount required to redeem, &c., while, as the receipt now reads, he received $5.99, being the amount required to redeem, &c.; and the defendants now insist that the receipt appearing to have been altered, it is incumbent on the party offering it in evidence to explain the appearance.

Let us see how this applies in the present case. An *alteration* is an act done upon the instrument, by which its meaning or language is changed. If what is written upon or erased from the instrument has no tendency to produce this result, or to mislead any person, it is not an alteration. 1 Green. on Ev. sec. 566. Now it will be observed, on looking at this receipt, that the figures "$5.99," said to have been thus altered from $5 in the first part of the receipt, and then recited as being the amount required to redeem, &c., correspond exactly with the last line of the receipt, where it is said that $5.99 is the whole amount required to redeem, &c. Now, in this last line, there is no alteration or erasure, and none is alleged; thus the receipt, in all its parts, is consistent

with itself, and its integrity maintained; what was written upon or erased from it has no tendency to change its meaning or mislead any person, and so is no alteration.

Moreover, the receipt, whether altered or unaltered, not being, as claimed by defendants, for a sufficient amount to redeem the land, is of no value in their estimation, and they are not misled or injured by it. The fact alleged in the answer of Williams, the recorder, that the receipt is not in the handwriting of C. B. Fisher, the former recorder, may be true, and not affect, in the least, the genuineness or validity of the receipt.

We now notice the *last* ground of defense relied upon by the parties, to wit: that a sufficient amount to redeem the land was not paid by the plaintiffs. The payment was made under the fifteenth and sixteenth sections of chapter thirty-one of the Code. It is alleged in the answer that the amount of purchase money to be repaid, with the requisite interest under the law, amounted at the time it was paid to $6.04, whereas the amount paid to the recorder was only $5.99; this would leave a deficiency of five cents. It was said in argument that the full amount necessary to redeem the estate must, at the peril of the plaintiffs, be paid to the officer; and that the *precise* sum due must be ascertained and paid over, or it will be fatal to the redemption of the land: and, to sustain this view, Blackwell on Tax Titles is cited at page 432.

The Court is of opinion that this small difference of five cents is such as might well result from difference in the mode of calculation, and is so trivial that it should not be regarded as affecting the validity of transactions of this character.

This case presents the question whether, under section sixteen of chapter thirty-one of the Code, the failure of the recorder to file a duplicate receipt in his office is fatal to the efficacy of the redemption. The section provides that the money necessary to redeem may be paid

to the recorder, in any case in which the purchaser, his heirs or assigns may refuse to receive the same, or may not reside or cannot be found in the county; and that a receipt therefor, showing when and by whom the payment was made, and the amount paid, shall be signed by the recorder, and a duplicate thereof filed by him in his office. All the owner, who redeems, can do, is to pay the amount necessary for the redemption. He cannot compel the recorder to execute a duplicate receipt, or to file it. A construction by which he would lose his land without any fault of his own, when he had done all in his power to save it, would be unjust and oppressive. And so much of said section as requires the duplicate receipt to be given and filed is merely directory.

For the reasons before stated, the decree of the circuit court of Wirt county, rendered on the 8th day of May, 1874, is affirmed, with costs and $30 damages to the appellees.

The other Judges concurred.

DECREE AFFIRMED.