[No. 5137.]

STEPHEN COOPER *v.* D. SHEPARDSON, ANN
CAMPBELL AND JOHN CAMPBELL.

REDEMPTION OF LAND SOLD FOR TAXES.—If sufficient money is paid to the county treasurer to redeem land sold for taxes, and the payment is made for the purpose of effecting a redemption, and a receipt is taken, the

redemption is effected, even if the receipt is not filed with the recorder, and recorded by him.

IDEM.—If land sold for taxes is redeemed, the redemption has the effect of defeating a deed afterwards given to the purchaser.

DEED OF LAND SOLD FOR TAXES.—A deed of land under a tax-sale is only *prima facie* evidence that no redemption had been effected; and the party who makes the redemption may, in ejectment on the title acquired by the deed, prove that a redemption was effected.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Ejectment to recover possession of the east half of the northeast quarter of section one, township fifteen north, range two west, Mount Diablo meridian. The plaintiff, to maintain the action, relied on a deed made by the sheriff on a sale of the land for delinquent taxes assessed in the year 1874. The defendant Shepardson was a tenant in possession of the land. The defendant John Campbell was a minor, fourteen years of age, who was under the care and custody of the other defendant, his mother, Ann Campbell. The mother and son were the widow and son of John Campbell, who died in 1868, leaving this and other real estate. The widow, in 1869, deeded it to her son, who thus became the owner of it. She had been accustomed to have it assessed to her among the other property of the Campbell estate; but, in 1874, it was assessed to unknown owners, and when she paid her taxes she supposed the tax on this land was included. The land was sold to satisfy the delinquent tax on the 22d of February, 1875; but neither of the defendants knew that it was advertised for sale, or sold, until June, 1875. The plaintiff recovered judgment, and the defendants appealed.

The other facts are stated in the opinion.

*W. C. Belcher and John C. Deuel,* for the Appellants, argued that the redemption was complete, and cited sections 3779 to 3785 of the Political Code; and that the deed was void because the statute did not authorize the sheriff to make a deed after property was redeemed, and that the authority of the sheriff was derived from the law.

*S. T. Kirk and A. L. Hart,* for Respondent.

The redemption was not complete at the time of the execution of the deed.

Redemption consists in paying the amount required by law, and in the presentation of the receipt to the county recorder for a cancellation of the record of the tax-sale certificate. (Political Code, Secs. 3781 to 3785.)

It is not the certificate of the tax sale that vests the lien of the State in the purchaser; it is upon filing that certificate with the recorder that the lien vests. (Political Code, 3779.)

Nor is it upon the payment of the redemption-money that the lien is divested; but it is on the cancellation of the record by which the lien was created. (Political Code, 3784; *Haskell* v. *Manlove,* 14 Cal. 57; *O'Grady* v. *Barnhisell,* 23 Cal. 287.)

The opinion was delivered from the Bench.

Mr. Chief Justice WALLACE, speaking for the Court, said:

The majority of the Court are of the opinion that the following finding: "Eighth. Neither of the defendants had actual knowledge that the land was advertised for sale to satisfy delinquent taxes of 1874, nor that the same had been sold on the 22d day of February, 1875, to satisfy said taxes; that the defendant Ann Campbell made payment to the county treasurer, Moses Stinchfield, on the 19th day of July, 1875, of the sum of money required to redeem the said land sold by the said sheriff to the plaintiff on the 22d day of February, 1875; that such payment was made to said treasurer, at his office, on said day, by Mrs. Ann Campbell, for the express purpose of redeeming the said land belonging to her ward, the defendant John Campbell; that the said county treasurer was there, and in person received the money so paid by Ann Campbell, and gave her a receipt therefor, setting forth the amount: Received from Ann Campbell twenty-one and thirty-nine one-hundredths dollars, redemption of east half of the northeast quarter of section one, township fifteen north, range two west, eighty

acres land, sold by sheriff for taxes. Moses Stinchfield, Treasurer Colusa County"—dated at "Colusa, July 19, 1875"—is the finding of a redemption within the intent of the statute. The filing of the receipt with the recorder, and the entry by him upon the record, although directed by the Code, is not part of the redemption proper.

The redemption is effected by the payment of the money, and the taking of the receipt. It then becomes the duty of the treasurer to report the receipt of the money. In this instance the required report would have shown that Mr. Cooper was the owner of that much money in his hands. The redemption actually effected would, of course, defeat the deed. The deed is only *prima facie* evidence that no redemption was made. The defendant was at liberty to prove the fact of redemption to defeat the deed, though the deed was valid on its face and in the absence of such countervailing proof.

The result is that the judgment and order denying a new trial must be reversed, and the cause remanded.

But we do not direct judgment to be entered for the defendant. It may be that upon a new trial a different case will be made out.