## THOMAS v. NICHOLS.

(December 11, 1900.)

1. *Tax Titles—Tax Sale—Sheriff's Deed—Notice—Redemption—Non-Resident—Publication—Deed.*

> Purchaser of land at a tax sale must comply strictly with the statute as to the time for giving notice by publication to a non-resident owner of the land.

2. *Tax Titles—Notice—Tax Sale—Computation of Time—Redemption—Tender—Agent.*

> Where an owner of land has until a certain day to redeem land sold for taxes, a tender of the tax on that day by owner, or agent, is in time.

CIVIL ACTION by E. A. Thomas, against R. L. Nichols, Sheriff, heard by Judge *T. J. Shaw,* upon an agreed state of facts, at January Special Term, 1900, of McDowell Superior Court. From judgment for defendant, plaintiff appealed.

*E. J. Justice,* for plaintiff.
No counsel *contra.*

MONTGOMERY, J.   On the 2d of May, 1898, Dale and
Marklin became the purchasers of the 50 acres of land men-
tioned in the facts agreed, at a sale made by the sheriff of
McDowell County for the taxes due by the owner of the
land, Henry P. Leader, for the years 1896 and 1897, and
received from the sheriff a certificate of purchase, to the
effect that the purchasers would be entitled to a deed on the
2d of May, 1899, on surrender of the certificate, unless re-
demption should be made according to law.   Leader did not
live on the land at the time of the sale, and at the time of the
publications of the notice hereinafter mentioned, and was a
non-resident of the State.   Publication was made by Mark-
lin of a notice which was intended to give Leader informa-
tion, under sec. 64, p. 272, of the Acts of 1897, of his pur-
chase of the land, in whose name it was taxed, a description
of the land, for what year it was taxed, and when the time
of redemption would expire.   The statute requires that the
notice shall be inserted three times—the first not more than
five months, and the last time not less than three months,
before the time of redemption shall expire.   The first notice
was inserted on February 10, 1899, the second notice was in-
serted February 18, 1899, and the third notice on February
24, 1899.   Each and all of the insertions of the notice were
less than three months before the time of redemption named
in the sheriff's certificate, and although the purchaser under-
took to extend the time of redemption to the 2d day of June,
1899, yet he will not be allowed in that method to change the
language and plain meaning of the statute.   If a purchaser
of land at a tax sale fails to comply with the terms of the
statute, which requires notice to the owner of the land, he
does so at his peril.   A delay in demanding the deed from
the sheriff will work no injury to the purchaser, if he has
given the notice in the manner and form as required by the

statute; *i. e.*, not less than three months before the time of redemption, which is one year from the day of sale. But, besides this, the purchaser, in his notice, undertook to extend the time of redemption until the 2d day of June, 1899, and upon that day one J. H. Atkins, representing himself as agent of Leader, paid to the sheriff the amount of taxes, and all interest, costs, and penalties, and the sheriff offered the same to the plaintiff, who had received an assignment from the purchaser of the certificate, and he refused to accept the same. The plaintiff contended that the tender of the taxes, etc., was too late, and that it ought to have been made before the 2d day of June commenced; that is, on the 1st day of the month. We think the whole of the 2d day of June was given Leader in which to pay the taxes. But the plaintiff further contends that Atkins was not really the agent of Leader to make the payment of taxes and to redeem the land. In reply to that, in the facts agreed, it is stated that Atkins represented himself as the agent of the plaintiff, and offered to do what Leader had the right to do; and Atkins got no advantage under the transaction, personally, so far as we can see.

The judgment was, that the plaintiff was not entitled to a deed to the land from the sheriff—that being his cause of action—and that he take nothing by his suit, and pay, with the sureties upon his prosecution bond, the costs of the action. There is no error, and the judgment is

Affirmed.