[Roach, Judge of Probate, v. The State, ex. rel, Albritton.]

# Roach, Judge of Probate, *v.* The State, *ex rel,* Albritton.

## *Mandamus.*

(Decided June 30th, 1905.   39 So. Rep. 685.)

1.  *Taxation; Sale; Execution of Deed; Irregularities in Procedure.*
    —Under Section 4074, Code 1896, upon a proceeding against
    the Judge of Probate to require him to issue deed to purchaser
    at a tax sale, such Judge of Probate cannot raise objection
    to the proceedings leading up to the sale or show irregulari-
    ties therein; the irregularities vel non of such proceeding
    is between the purchaser and the claimants of the land.

2.  *Mandamus; Execution of Tax Deed; Redemption; Parties.*—Al-
    though the petition alleged that the Probate Judge claimed
    that a certain party as owner had redeemed the land, upon
    application for mandamus to compel the issuance of a deed to
    the purchaser at the tax sale, such reputed redemptioner and
    owner was not a necessary party.  As the question, whether
    in fact redemption had been made was an issue between rela-
    tor and respondent.

3.  *Taxation; Execution of Tax Deed; Ministerial Duty.*—Under Sec.
    4074, Code 1896, the duty of the Judge of Probate to issue a
    deed to each parcel sold and remaining unredeemed, is a min-
    isterial duty.

4.  *Appeal; Harmless Error.*—It was harmless error to sustain a
    demurrer to the answer setting up the redemption of the land
    by an alledged owner, where it affirmatively appears that the
    cause was tried on the petition and that respondent was al-
    lowed to offer evidence of his right of redemption, the only
    permissible defense in the case.

5.  *Taxation; Sale; Application for Redemption; How Made.*—Under
    Sec. 4091, Code 1896, no written application for redemption
    is necessary, but the right may be claimed by the parties seek-
    ing redemption by a letter written to the Judge of Probate
    within the time allowed enclosing the necessary amount.

6.  *Same; What Title Necessary.*—The actual possession of lands
    for the statutory period in such manner as to constitute ad-
    verse holding is sufficient evidence of ownership on which to
    predicate the right of redemption; paper title is not indis-
    pensable.

[Roach, Judge of Probate, v. The State, ex. rel, Albritton.]

7. *Same; Redemption; Issuance of Certificate.*—If one seeking to redeem lands from a tax sale pays the necessary amount to the Judge of Probate within the redemption period, his right of redemption is not affected by the postponement of the issuance of the certificate by the Judge of Probate until after the time for the redemption.

8. *Appeal; Harmless Error; Admission of Evidence.*—In answer to the petition the respondent set up a redemption by an alleged owner and was allowed to prove that the lands in controversy were not embraced in any deed executed to the such alleged owner. Held, harmless error to allow the relator to testify that he had seen such alleged owners deed and that it did not embrace the lands in question.

APPEAL from Geneva Circuit Court.
Heard before HON. JOHN P. HUBBARD.

Mandamus by Albritton, on the relation, etc., against Roach, judge of probate, to compel the issuance to relator of a deed for lands purchased at tax sale. The facts sufficiently appear in the opinion of the court. There was judgment for relator and respondent appeals.

W. O. MULKEY, for appellant.

J. J. MORRIS, for appellee.

DENSON, J.—This is a proceeding by mandamus by which the relator, Albritton, seeks to compel the judge of probate of Geneva county to execute to him a deed to certain lands alleged to have been purchased by the relator at a tax sale made by the tax collector of Geneva county on the 4th day of June, 1900. The lands consisted of several subdivisions of section 2, township 1, range 19, in Geneva county, and the petition alleges that they were assessed for taxes for the year 1899 to "owner unknown"; that on the 4th day of June, 1900, at the courthouse door in Geneva county the tax collector sold said lands for the taxes due thereon for the year 1899, and at said sale petitioner became the purchaser of the said land for the taxes due thereon for the year 1899, for the sum of $18.56; that petitioner paid that amount to the tax collector, who was J. S. McCormack, at the time the sale was made, and on the 7th day of

June, 1900, a certificate of purchase was issued to him by the said collector. The certificate is attached as an exhibit to the petition, made a part of the petition, and conforms substantially with the requirements of section 4063 of the Code of 1896. It is further shown by the petition that all of the above-described lands were redeemed within the time prescribed by law, except the N. E. 1-4 of S. E. 1-4, and the W. 1-2 of the S. E. 1-4, and the S. E. 1-4 of S. W. 1-4 of section 2, township 1, range 19. The petition further alleges that at the expiration of the two years allowed for redemption no one had furnished to the petitioner, nor the judge of probate, legal evidence of the ownership of the lands last above described (as not having been redeemed), and that petitioner, after the expiration of the two years, "demanded a tax deed from the judge of probate, to which he was entitled by law," and that he was refused a deed thereto on the grounds that one J. R. Cooper, of Gadsden, Ala., had deposited money with the said judge of probate with which to redeem. It is further averred that at the expiration of the time allowed for redemption, and up to the date of the demand by petitioner for the deed, no certificate of redemption had been issued to said Cooper. The petition shows that the application of Cooper to redeem consisted of a letter from him to the judge of probate, written just prior to the expiration of the time allowed by law for redemption, in which Cooper offered to redeem the S. 1-2 of section 2, township 1, range 19, and inclosed a certain amount of money for redemption. The amount is not stated in the petition. In the seventh paragraph of the petition it is conceded that Cooper held a deed to the N. E. 1-4 of the S. E. 1-4 of section 2, township 1, range 19; and it is averred that petitioner offered to Cooper to release the 40 last above described, and that petitioner has never resisted redemption of that 40. In the eighth paragraph of the petition it is averred that the judge of probate refused and still refuses to issue or make a deed to petitioner to the W. 1-2 of S. E. 1-4 and S. E. 1-4 of S. W. 1-4 of section 2, township 1, range 19, and that, if any certificate of redemption has been issued to any one to the lands above described, it was issued after the time

allowed by law for redemption and contrary to the requirements of law, especially contrary to the requirements of section 4093 of the Code of 1896. It is averred in the petition that Cooper had no title to the W. 1-2 of S. E. 1-4 of S. W. 1-4 of section 2, township 1, range 19. The prayer is that the rule nisi be issued to the judge of probate to show cause why he should not execute and deliver to petitioner a deed to the W. 1-2 of the S. E. 1-4 and S. E. 1-4 of S. W. 1-4 of section 2, in township 1, range 19.

The foregoing, we think, is a sufficient recital of the allegation in the petition for an intelligent understanding and application of the legal principles involved in the case. Four grounds of demurrer were assigned by the respondent to the petition, all of which were overruled. The correctness of this ruling is challenged by the first, second, third, and fourth assignments of error. The question presented by the first, third, and fourth grounds of the demurrer is whether or not an averment of the existence of the statutory requisites leading up to and which form the foundation of a valid tax sale, such as a legal assessment, notices, and decree of sale and advertisement of sale, is indispensable in an application by a person holding a certificate of purchase issued by the tax collector for mandamus to compel the execution of a deed by the judge of probate.

Section 4063 of the Code of 1896 provides that, "as soon after the sale as practicable, the tax collector must make out and deliver to each purchaser, other than the state, a certificate of purchase, which shall contain a description of the real estate sold, and show the same was assessed by the assessor, to whom assessed, the date of assessment, for what year or years the taxes were due, the amount of taxes due thereon, distinguishing the amounts due the state and county, and for school purposes, and the fees and costs, that it was advertised and for how long, and that it was offered for sale, and at what time, and who became the purchaser and at what price." Section 4074 of the Code of 1896 provides that "after the expiration of two years from the date of the sale of any real estate for taxes, the judge of probate then in office must execute and deliver to each

purchaser other than the state, or person to whom the certificate has been assigned, upon the return of the certificate and the payment of a fee of one dollar to the judge of probate, a deed to each lot or parcel of real estate sold to such purchaser, and remaining unredeemed, including therein, if desired by the purchaser, any number or parcels of lots purchased by him at such sale; and such deed shall convey to, and invest in the grantee all the right, title, interest and estate of the person whose duty it was to pay the taxes on such real estate, and the lien of the state and county thereto; but it shall not convey the right, title or interest of any reversioner or remainderman therein."

We have observed that the petition contains a substantial averment of all the facts set out in section 4063, and, moreover, that the certificate of purchase is made an exhibit to the petition and the petitioner prays that it be considered as a part of the petition. It is also averred that the lands remained unredeemed. Whether the statutory proceedings upon which the sale was predicated were regular or not, the certificate conferred upon the purchaser valuable rights. For instance, by section 4078 of the Code of 1896, if the sale was ineffectual to pass the tile to the purchaser, yet such sale would operate as an assignment to the purchaser of the rights and liens of the state and county in and to the land sold. By section 4081 the right to maintain suit for recovery of the possession of the land after the expiration of six months from the day of sale is conferred, subject, however, to the right of redemption. Section 4083 of the Code of 1896 provides that in any suit brought by the purchaser for the recovery of the possession of the lands sued for, if a recovery is defeated on the ground that the sale was invalid for any other reason than that the taxes were not due, the court shall on motion of the plaintiff impanel a jury to ascertain the amount of taxes for which the lands were liable at the time of sale, etc., and render judgment in favor of plaintiff for the amount, etc., and the judgment shall constitute a lien on the land sued for. The judge of probate is not in position to raise objections to the tax proceedings or to show irregularities in them. His duty is, after the expiration

of two years from the sale, to execute and deliver to the purchaser, upon the return of the certificate and payment of a fee of one dollar, a deed to the land sold to the purchaser and remaining unredeemed. He is not to inquire into the regularity of the proceedings upon which the certificate is based. He must perform the ministerial duty of executing the deed, leaving the question of regularity of the proceedings vel non to the purchaser and the claimants of the land. The statutory proceedings do not contemplate that any question of the kind may be raised by the judge of probate. We hold that the first, third, and fourth grounds of the demurrer were properly overruled. For the same reasons above given special pleas B and C, incorporated in the answer, presented no answer to the application for the mandamus, and were properly disallowed.

The right insisted upon by relator is that he is entitled to have the respondent as judge of probate execute to him a deed. Notwithstanding the fact that it is alleged in the petition that the judge of probate claimed that Cooper had redeemed the lands as owner, this does not require that Cooper should be made a party to this proceeding. While the fact as to whether the lands have been redeemed by Cooper is an issue in the case, yet it is an issue between the relator and respondent, and which can and must be litigated between then without Cooper's presence as a party. If Cooper were a party, and the court should grant the relief prayed for, what duty would or could be required to be performed by the court of Cooper? The officer is the only one who can make and deliver the deed, and the purchaser accepts the deed without prejudice to the rights of the former owner, except where the proceedings have been strictly regular. This case is not brought within the influence of the limitations found in the cases of *Ex parte Du Bose*, 54 Ala. 278, and *Taylor v. Kolb*, 100 Ala. 603, 13 South. 779, to the effect that cases may arise where the court will not grant a mandamus, when the granting thereof will in a collateral manner decide questions of importance between parties who are not parties to the proceedings and have had no notice or opportunity to interpose their defenses. Cooper was not a necessary

[Roach, Judge of Probate, v. The State, ex. rel, Albritton.]

party to the petition, and the demurrer raising that question was properly overruled.

It cannot be successfully contended that the duty which the relator sought by mandamus to have the respondent perform is not a ministerial duty. There is abundant authority in support of the proposition that "no judicial proceedings take place upon an application to redeem, the officer who receives the money and executes the certificate of redemption acts in a ministerial capacity, and his decision is not conclusive upon the purchaser. The party who redeems acts at his peril. While it is true that the redemption of the lands perfected within the time provided by statute by one entitled to redemption would be a complete answer to the alternative writ, yet the right of the party to redeem may be contested in the mandamus proceeding between the purchaser and judge of probate. And the fact that, in admitting one to redeem, the judge of probate took evidence in determining his right to redeem, cannot be imported by the judge of probate into the mandamus proceedings between him and the purchaser for the purpose of giving the duty demanded of the judge to be performed a judicial tinge. It follows that special plea A setting up as a defense that the judge, in ascertaining the owner of the lands for the purpose of redemption, acted in a judicial capacity, was properly stricken out on motion of the relator.

The answer of the respondent to the petition in some respects amounted to a general denial of the allegations of the petition. Section 5 of the answer not only denied some of the facts alleged in section 5 of the petition, but set up the fact that the land had been redeemed within two years from the sale and that a certificate of redemption had been issued to the party who redeemed. If any particular matter contained in the whole answer, or in sections 5 and 6 of it, were objectionable, they might have been eliminated by motion to strike; but it is obvious that the demurrer to the answer as a whole, and to sections 5 and 6 of the answer, was not well made. But, after the demurrers were sustained, the record shows affirmatively that the cause was tried by the court on the petition, and the respondent was allowed to of-

fer evidence of his right of redemption, which was the only permissible defense in the case, and therefore the ruling on the pleading worked no injury to the respondent.

It is conceded by appellant that Cooper's right of redemption was not asserted under sections 4092 and 4093 of the Code of 1896, but under sections 4090 and 4091. "The right of redeeming lands sold for taxes, whether the purchaser is the state to whom the taxes are due or an individual, is derived exclusively from statutory provisions. Such provisions are favorably and liberally construed. But the right must nevertheless be asserted in the mode, under the circumstances, and upon the conditions expressed in the statute."—*Boyd v. Holt,* 62 Ala. 296; *Dubois v. Hepburn,* 10 Pet. 1, 9 L. Ed. 325. No particular form is prescribed by the statute in which an owner claiming the right to redeem the entire tract contained in one assessment must assert the rgiht. The statute (section 4091) provides that to obtain such redemption the party entitled thereto must deposit with the judge of probate the amount of money for which the lands were sold, with interest thereon at the rate of 15 per cent. per annum, etc. No written application for redemption is required by this statute, and it would seem that the right could be claimed by a letter written by the party claiming the right to the judge of probate, inclosing the necessary amount to cover the taxes, interest, fees, and charges. This is the mode the respondent insists was adopted by Cooper. Of course, when the right is asserted by the owner under this section, it must be to redeem the whole of the lands embraced in the assessment under which the sale was made.

The evidence showed that the relator was entitled to have the deed executed, unless it can be said from the evidence that the lands had been redeemed. It was shown that the lands were contained in one assessment and were sold at one and the same time. It was admitted that, if J. R. Cooper were present, he would swear that the lands in question belonged to him at the date of the sale by adverse holding for over 10 years; that he had made application to redeem them on June 4, 1902 (the sale having occurred on June 4, 1900); that he paid on

that day the necessary amount of redemption money, costs, etc., to the judge of probate to entitle him to redeem; that the application to redeem was by letter addressed to the judge of probate asking to redeem these lands in the certificatfie, and the money was sent in the same way; that the lands in controversy were not embraced in any deed executed to Cooper, nor were they acquired by inheritance. The testimony of the respondent was to the effect that on June 4, 1902, Cooper made application to him as judge of probate to redeem said lands; that he heard evidence on the question as to whether or not Cooper had the right to redeem, and decided that he had such right; and that upon the payment by Cooper of the necessary taxes, interest, fees, etc., he issued to Cooper a certificate of redemption. It was conceded that Cooper's application to redeem was not made in compliance with section 4093 of the Code of 1896. It was shown that, while Cooper made the application to redeem and paid the necessary amount required to perfect the redemption within two years from the date of the sale, yet the judge of probate delayed the issuance of the certificate of redemption for a short period and did not issue it until after the expiration of the two years. It was shown that the redemption money was tendered by the probate judge to relator and he declined to accept it.

Paper title is not indispensable to show the right to redeem. If Cooper had been in the actual possession of the lands for a period of 10 years and in such way as constituted his holding adverse, that was evidence of ownership upon which the right to redemption could rightfully be predicated.

In respect to the payment made by Cooper: All the owner seeking to redeem lands can do is to pay the amount necessary for the redemption. He cannot compel the judge of probate to issue the certificate at once. If he pays the money into the hands of the judge within the redemption period, and the judge of his own motion postpones the issuance of the certificate until after the time for redemption, this should not affect the redemptioner's right. A construction by which the owner would lose his land without any fault of his own, when

[Roach, Judge of Probate, v. The State, ex. rel. Albritton.]

he had done all in his power to save it, would be unjust and oppressive.—27 Am. & Eng. Ency. Law (2d Ed.) 856, notes 8, 9; *Wyatt v. Simpson,* 8 W. Va. 394; *Cooper v. Shepardson,* 51 Cal. 298; *Thomas v. Nichols,* 127 N. C. 319, 37 S. E. 327.

The N. E. 1-4 of S. W. 1-4, S. E. 1-4 of S. W. 1-4, W. 1-2 of S. W. 1-4, N. E. 1-4 of S. E. 1-4, and the W. 1-2 of S. E. 1-4, all in section 2, in township 2, of range 19, are the lands described in the relator's certificate of purchase. The relator is contending for a deed only to a part of the lands, 120 acres, to-wit, the W. 1-2 of the S. E. 1-4, and the S. E. 1-4 of the S. W. 1-4, of section 2. The bill of exceptions sets out all of the evidence. After consideration of it we think it is susceptible of the construction that the application for redemption was made only with respect to the 120 acres, not embracing any other lands embraced in the certificate. This being true, to entitle Cooper to redeem he should have complied with section 4093 of the Code of 1896 in making application to redeem. It being conceded that he did not comply with that section, we do not think, in the condition we find the evidence, that we would be warranted in holding that the court erred in rendering judgment for the relator. The respondent proved that the lands in controversy were not embraced in any deed executed to Cooper, and this question was not in dispute; hence, if the court erred in allowing the relator to testify that he had seen Cooper's deed and that the lands in question were not embraced in them, it affirmatively appears that no injury resulted to the respondent from the ruling.

There is no error in the record prejudicial to the appellant, and the judgment of the court must be affirmed.

McClellan, C. J., and Dowdell and Simpson, JJ., concur.