C. C. WIMBISH v. A. C. HATTAWAY.

(Filed 17 April, 1929.)

**Contracts B d—Time of expiration of option.**

An option good "until" a day specified includes that day.

CIVIL ACTION, before *Shaw, J.,* at November Term, 1928, of GUILFORD.

On 16 February, 1927, Glenn M. McCall and the defendant, A. C. Hattaway, entered into a written contract, providing in substance that

McCall should sell to the defendant, Hattaway, a diamond ring for the sum of $962.50. Hattaway agreed to give to McCall an option to repurchase the above-mentioned ring for the sum of $1,000, said option "to hold good until the first day of October, 1927." McCall, the holder of the option, duly transferred it to the plaintiff. On 1 October, 1927, Wimbish tendered to the defendant $1,000 and demanded the ring. The defendant refused to deliver the ring, contending that the option expired at midnight on 30 September, and that, therefore, the tender came too late.

Issues were submitted to the jury and were answered in favor of the plaintiff.

The verdict awarded to plaintiff damages in the sum of $400. From judgment upon verdict the defendant appealed.

*A. C. Davis for plaintiff.*
*King, Sapp & King for defendant.*

PER CURIAM. The sole question of law presented is whether the words "until the 1st day of October, 1927," include the first day of October.

The decisions in other jurisdictions are not in accord; but it has been expressly decided in this State that the word "until," when used in reference to an act to be done on a day certain, includes the day specified. *Thomas v. Nichols,* 127 N. C., 319, 37 S. E., 327.

Affirmed.