# *Ex parte* Mayor and City Council of Anniston.

*Certiorari to Probate Judge, in matter of Discharge on Habeas Corpus for Violation of Municipal Ordinance.*

1. *Municipal corporation; power to enact ordinances against offenses punishable under general statutes.*—A general grant of power to a municipal corporation "to provide for the punishment by fine or imprisonment for the commission of any offense punishable by the laws of the State," in its application to any particular offense or subject-matter as to which there is a special grant of power, is limited and controlled by that special power, and does not extend its scope or operation.

2. *Same; licensing and prohibiting retailing of spirituous liquors.* Power to "license, tax and regulate retailers," given by charter to a municipal corporation, does not confer the power to prohibit the sale of spirituous liquors; and no ordinance having been passed regulating the granting of licenses, an ordinance which prohibits a sale without a license, under penalty of fine and imprisonment, is prohibitory in its nature, and therefore void.

3. *Retailing liquors in Anniston.*—The local statute of December 7, 1886, providing for an election in Calhoun county to ascertain the wishes of the people as to prohibiting the sale of spirituous liquors in the county, having become operative by the result of the election held under it in favor of prohibition, and the due publication thereof as required by its terms, the sale of liquors in said county is now prohibited by law; and the statute is of force within the corporate limits of Anniston, no ordinance having been there enacted, under the power granted by the subsequent charter, to regulate the grant of licenses to retailers; but, in the absence of such an ordinance, the municipal corporation can not punish for the sale of liquors without a license, although it is an offense under the general statutes.

Application by petition in the name of the Mayor and City Council of Anniston, for a writ of *certiorari*, or other proper remedial writ, directed to Hon. EMMETT F. CROOK, the probate judge of Calhoun county, to procure a review by this court of certain proceedings had before him on *habeas corpus* at the instance of Mrs. L. Untreiner, which resulted in an order for her discharge from the custody of the town marshal of Anniston, under a charge for the violation of a municipal ordinance

against retailing spirituous liquors without a license. Mrs. Untreiner was arrested on the 12th February, 1890, charged with the violation of an ordinance which was enacted on the 14th June, 1889, and which is set out in the opinion of the court. On the hearing before Judge *Crook*, he held the ordinance null and void, and therefore discharged Mrs. Untreiner; and this application seeks to review his ruling. The statutory provisions involved are stated in the opinion of the court.

AGEE & MICOU, for the petitioners.

GORDON MACDONALD, *contra.*

CLOPTON, J.—The ordinance, for the violation of which Mrs. Untreiner was arrested under a warrant issued by the Recorder of the city of Anniston, was passed June 14, 1889, and reads as follows : "Be it ordained by the Mayor and City Council of Anniston, That any person who, without license as a retailer, sells spirituous, vinous or malt liquors within the police jurisdiction of the city of Anniston, in any quantity less than a quart, or in any quantity if the same or any portion thereof is drunk on or about the premises, must on conviction be fined one hundred dollars, or be imprisoned not less than one, nor more than six months." It is contended, that the purpose of the ordinance is to punish the offense of retailing without a license, and power to pass it is claimed under a provision of the seventh section of the act of February 23, 1889, incorporating the city of Anniston, which confers on the Mayor and City Council general power "to provide for the punishment by fine or imprisonment for the commission of any offense punishable by the laws of the State of Alabama." Another provision of the same section confers special power "to license, tax and regulate auctioneers, grocers, merchants, retailers, . . . and all other privileges."—Acts 1888–9, p. 601. The general power is limited and qualified by the special provision specifying the particular purposes for which an ordinance may be passed. In 1 Dillon on Mun. Corp. § 316, the rule is stated as follows: "When there are both special and general provisions, the power to pass by-laws under the special or express grant can only be exercised in the cases and to the extent, as respects those matters, allowed by the charter, or incorporating act; and the power to pass by-laws under the general clause does not enlarge or annul the power conferred by the special provisions in relation to their various subject-matters, but gives authority to pass by-laws, reasonable in their character, upon all other matters within the scope of

[Wilson, Ingram & Martin v. Klein.]

their municipal authority and not repugnant to the constitution and general laws of the State." On this principle, the authority to pass ordinances in respect to the subject-matter of retailing is derivable only from the special provision conferring power to license, tax and regulate retailers.

The municipal authorities had not at the time of the passage of the ordinance, nor have they since, provided any legal mode by which a retailer can obtain a license.    And in *Olmstead v. Crook*, 89 Ala. 228, we decided that the act of December 7, 1886, prohibiting the sale of spirituous, vinous or malt liquors in Calhoun county, took effect before the alleged violation of the ordinance, and arrest of Mrs. Untreiner, and is in force in the city of Anniston, no ordinance in respect to such matter having been passed by the municipal authorities, under the special power granted by the incorporating act.    No mode having been provided by which she could have obtained a license to retail, the ordinance is prohibitory in its nature. Power conferred on a municipal corporation to grant licenses to retailers, and to regulate them, does not confer power to prohibit the sale of spirituous liquors.—*Miller v. Jones*, 85 Ala. 87.    In reference to the charter of the city of Anniston, it is said in *Ex parte Reynolds*, 87 Ala. 138, "It confers the power to 'license, tax and regulate grocers, merchants, retailers,' &c. but it confers no power to prohibit the sale of liquors." The ordinance, being prohibitory, is invalid for want of power in the municipal authorities.    Mrs. Untreiner was illegally restrained of her liberty, and was properly discharged on *habeas corpus* by the judge of probate.—*Ex parte Burnett*, 30 Ala. 461.

*Certiorari* denied.