# Cheney *v.* Kelly & Smith.

*Action by Attorneys-at-Law, on Contract of Employment.*

1. *Contract of employment of attorneys ; fee contingent on success.*— Attorneys having been employed by a voluntary association of persons engaged in the business of selling liquor by retail in a precinct in which a local prohibitory law or ordinance had been enacted, to represent any of them in their efforts to obtain a license ; $250 being paid in cash, and $250 to be paid "whenever a license to sell liquor is obtained, or can be obtained in said precinct;" and having failed in their attacks on the law, in the several cases in which they appeared for their clients, can not recover the unpaid $250 because the law was afterwards held void in a prosecution against a person who has not a member of the association,. and for whom they did not appear as counsel.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

GORDON MACDONALD, for appellants.

KELLY & SMITH, *contra.*

STONE, C. J.—The claim set forth in the two counts of the complaint is substantially as follows : The Anti-prohibition Society of Anniston, a voluntary association of the persons sued in this action, employed Kelly & Smith, attorneys, to represent them, or any member of the society, in an effort to procure a license to retail spiritous, vinous, or

malt liquors in precinct No. 15, Calhoun county, the precinct in which Anniston has its *situs.* The attorneys were to represent the applicants for license in any and all courts, that might become necessary in the attempt to obtain such license. The fee to be paid Kelly & Smith was $250 cash, and $250 to be paid whenever a license to sell liquor is obtained, or can be obtained in said precinct." The cash payment was presently made. This suit is for the deferred payment, and the complaint avers "that a license issued authorizing the sale of spiritous, vinous and malt liquors in Anniston as early as September 15, 1890."

Whether the police jurisdiction of Anniston extends and includes the whole of precinct No. 15, is not shown. It may admit of question whether the establishment of a right to obtain a license to retail within the city of Anniston, is a compliance with the agreement to establish such right in precinct No. 15. We will not decide this question, as we prefer to place our ruling on a different ground.

The proof shows the defendants executed no writing. The testimony most favorable to plaintiffs shows that two persons, being a majority of a committee of three, representing a voluntary association consisting of a larger number of persons, and known as the "Anti-prohibition Society of Calhoun county," entered into an oral agreement with the attorneys, engaging their services to represent the association in certain matters of prospective litigation. Plaintiffs aver that the event has happened or transpired, on which the second payment was to become due and demandable, and on this they base their right of recovery.

The plaintiffs, at the time of the retainer, executed a receipt, acknowledging the payment to them of two hundred and fifty dollars, specifying the professional services they bound themselves to render, and naming the event or condition on the occurrence of which the promise to make the second payment depended. It is stated in the receipt that "said Anti-prohibition Society of Calhoun county, Alabama, have this day employed Kelly & Smith as their attorneys to represent their interest in precinct No. 15 of said county (Anniston), and make such application to the Probate Court as·may be necessary to thoroughly test the right to procure license to sell liquor in precinct No. 15, and to secure such license, if the same can be legally done; and to represent such applications on appeal or otherwise, as may be necessary, either to Supreme Court, Circuit Court, or City Court, one or all, as may be necessary, until it is ascertained whether license can be secured or not.

[Cheney v. Kelly & Smith.]

. . Terms of employment, $250.00 cash, the receipt of which is acknowledged, and $250.00 to be paid whenever a license to sell liquor is obtained, or can be obtained in said precinct." This receipt was put in evidence by plaintiffs, for the purpose of proving the terms of the retainer.

It was proved, and not denied, that Kelly & Smith did render professional services in endeavoring to procure a license to retail liquors in said precinct—particularly in the case of *Olmstead v. Crook*, 89 Ala. 228—but in all their efforts they were unsuccessful. In the later case, *Ex parte Mayor*, 90 Ala. 516, it was decided by this court that there was no statute authorizing the city council of Anniston to enact an ordinance prohibiting sales of liquors in said city, but that they could only regulate such sale by license. We therefore decided that the prohibition ordinance adopted by the city council was in excess of its authority, and was invalid. The result of this decision was to open up the way for obtaining a license to retail liquors in the city of Anniston.

The case last referred to—90 Ala. 516—arose in the matter of Mrs. Untreiner's conviction for violating the prohibition ordinance of the city of Anniston. She was not a member of the Anti-prohibition Society of Anniston, and had nothing to do with its plans and purposes. She was an outsider, and Kelly & Smith neither represented her in that litigation, nor did the Anti-prohibition Society, or any of its members, so far as we are informed, request them to do so. They were not of counsel in the case.

As we understand the contract of retainer in this case, as evidenced by the written receipt, the professional services to be rendered by the attorneys were the consideration—the only consideration—which purported to uphold, and could uphold the promise. Without such services, or the agreement to render them, the promise had no consideration, and would not maintain an action.—Bish. on Con., enlarged ed., §40; *Hamlin v. Wheelock*, 42 Hun (N. Y.), 530. And the promise to pay being made contingent on success, it was not enough that services should be rendered. They must have been successfully rendered, to entitle the plaintiffs to the additional two hundred and fifty dollars. To test this: When the plaintiffs had rendered all the professional services they claim to have rendered, the right to obtain a license to retail liquors in Anniston had not been established. If no proceedings had been taken after that time, and matters had remained in *statu quo*, no one would contend the present action

could be maintained. A complete answer to such suit would be, that the promise to pay was conditional, and the condition had not been complied with. Now, all that was subsequently done, and which it is claimed is a performance of the condition, was done by another, and neither the plaintiffs nor defendants in this suit had any participation therein. So far as they were or are concerned, it was the merest accident. It was not a performance of the condition on which the payment of the second two hundred and fifty dollars was made dependent.

The judgment of the City Court is reversed, and, rendering the judgment that court should have rendered, it is ordered and adjudged that the defendants go hence, and recover of plaintiffs the costs of this suit in the court below and in this court.

Reversed and rendered.