126    93
s135  609

# Brownrigg *v.* Town Council of Livingston.

*Application for Writ of Habeas Corpus.*

1. *Municipal corporation; licensing and prohibiting retailing of spirituous liquors.*—The power granted to a municipality by its charter "to prohibit the sale in any quantity of malt, spirituous or vinous liquors within the corporate limits of said town by any person, without having secured a license therefor," does not confer the power to prohibit the sale of malt, spirituous or vinous liquors; and, therefore, an ordinance passed by the town council of said municipality, which prohibits the sale of spirituous, vinous or malt liquors within the corporate limits thereof, is without the power conferred by the charter and void.

Heard before the Hon. S. H. SPROTT.

The appellant, Willis Brownrigg, was tried and convicted for the violation of an ordinance passed by the Town Council of Livingston in Sumter county, Alabama. This ordinance is copied in the opinion, as is also the provisions of the charter of said town. After his conviction, the said Willis Brownrigg filed his petition addressed to Hon. Samuel H. Sprott, as judge of the Sixth Judicial Circuit, asking for the issuance of a writ of *habeas corpus,* and that he be discharged. This petition was denied, and from a judgment refusing to discharge the petitioner, the appeal is prosecuted here, where such judgment is assigned as error.

W. K. SMITH, for appellant, cited *Ex parte Mayor etc.,* 90 Ala. 516; *Hurley v. State,* 95 Ala. 19; *Ex parte Reynolds,* 87 Ala. 138; *Wright v. State,* 103 Ala. 95.

CHAS. G. BROWN, Attorney-General, for the State.

DOWELL, J.—The municipal ordinance under which the petitioner was tried and convicted, reads as follows: Ordinance No. 78. "Be it ordained by the Town Council of Livingston, that it shall be unlawful to sell any spirituous, vinous or malt liquors, or cordials, or alcoholic bitters, or beverages of any kind containing alcohol within the corporate limits of the town of Livingston, Alabama. And any person convicted of selling any of the above-named liquors, shall be fined not less than ten dollars."

Subdivision 11, section 8 of the charter of said municipalty reads as follows: "To tax and license billiard and bowling saloons upon such conditions as may be necessary and proper to regulate and control them effectually, and to prohibit the sale in any quantity of malt, spirituous or vinous liquors within the corporate limits of said town by any person without having secured such license."

It will be observed that the power or authority conferred by this section of the charter is to regulate the sale of spirituous, vinous and malt liquors by tax and license, and no power or authority is conferred to prohibit the sale except by such persons as fail to secure license. No provision was made by ordinance or otherwise by said municipality for the granting of a license. The ordinance in question was an absolute and unqualified prohibition upon the sale of spirituous, vinous or malt liquors. This was without the power and authority conferred by the charter, and it necessarily follows that the ordinance was a void enactment, and being void, no conviction can be sustained under it. The case of *Ex parte Mayor and City Council of Anniston*, 90 Ala. 516, as an authority is conclusive of this case. The petitioner was entitled to his discharge on his petition for a writ of *habeas corpus*. The order of the circuit judge will, therefore, be set aside, and order will be here made discharging the petitioner.