# Beason, *et al. v.* Shaw.

*Contest of Stock Law Election.*

(Decided Nov. 15, 1906. 42 So. Rep. 611.)

1. *Statutes; Amendment; Constitutional Requirement.*—Section 7, General Laws 1903, p. 434, is not obnoxious to Section 45, Article 4, Constitution 1901.

2. *Elections; Contest; Stock Law.*—Section 1697, Code of 1896, on account of its provisions, is inappropriate to a contest of election to determine whether stock shall be prohibited from running at large in a certain precinct, and, as Section 7 General Laws 1903, p. 434, requires that contest be filed according to the terms of Section 1697, the same is ineffectual.

[Beason, et al. v. Shaw.]

APPEAL from St. Clair Probate Court.

Heard before HON. W. S. FOREMAN.

Contest of stock law election begun by George C. Beason and others against Jesse M. Shaw and others. The facts sufficiently appear in the opinion of the court. From a judgment dismissing the contest contestants appeal.

INZER & MONTGOMERY, and EMORY C. HALL, for appellant.—Section 7 of the general stock law election, Acts 1903, provide for the contest. Sections 1686 and 1697, Code 1896, provide the machinery. It is not necessary in order to avoid conflict with the Constitution to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute.—*State, ex rel., etc. v. Rogers*, 107 Ala. 444; *Birmingham Union Railway Company v. Eleyton Land Company*, 114 Ala. 70. The evidence offered by the contestant upon the hearing of the motion to dismiss the contest was admissible, relevant and competent to show that there had been an election and that it was valid.—*Phillips v. Bynum*, 39 So. Rep. 911.

JAMES A. EMBRY, for appellee.—Section 7 of the act of 1903, is not available to contestants as said act does not make section 1697 of the Code of 1896 applicable to this contest and contest is not the proper remedy.— *Savage v. Woolf*, 69 Ala. 569; *Leigh v. The State, ex rel.*, 69 Ala. 261; *Clark v. Jack*, 60 Ala. 271.

DENSON, J.—On the petition of Jesse M. Shaw and 60 other persons, all freeholders in precinct No. 6, in St. Clair county, an election was held under the provisions of the act of the Legislature approved September 29, 1903, to determine whether stock should be prohibited from running at large in said precinct.—Gen. Acts 1903, p. 431. The result was in favor of the prohibition and it was so declared by the court of county commissioners of the county. After declaration of the result was formally made and ordered by the court, G. C. Beason and Jno. W. Shanks filed with the judge of probate a declaration of contest of the election, in which it was prayed that

35

notice be issued and served on Jesse M. Shaw, notifying him to appear and defend against said contest, "if he may see proper to do so." Shaw appeared, and moved to dismiss the contest proceedings, assigning six grounds for the motion. The judge granted the motion and dismissed the contest. From the order granting this motion this appeal was taken.

The question presented for determination is, does the act under which the election was held effectually provide for a contest of the election? Section 7 (page 434) of the act is in this language: "Such election may be contested on the same ground and in the same manner before the probate judge as contests of election of constable are held before said probate court." According to our decisions there is no merit in the point that this seventh section of the act is obnoxious to that clause of section 45, art. 4, of the Constitution, which provides that no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length. —*State v. Rogers*, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *Birmingham Union Ry. Co. v. Elyton Land Co.*, 114 Ala. 70, 21 South. 314; *Phoenix Assurance Co. v. Fire Department*, 117 Ala. 631, 23 South. 843, 42 L. R. A. 468; *Cobb v. Vary*, 120 Ala. 263, 24 South. 442; *City Council of Montgomery v. Birdsong*, 126 Ala. 632, 28 South. 522; *State ex rel. Porter v. Crook*, 126 Ala. 600, 28 South. 745. The ground on which and the manner in which the election of a constable may be contested are specified and provided for in chapter 40 of article 17 of the Code of 1896; and, notwithstanding there is no constitutional objection to providing for contest of elections which may be held under the act in question, by reference to that general law, yet it is difficult to see how that law can be made effective for the purpose of such contests. The law with respect to contests of a constable's election is confined by its very terms to the election of persons to office, as may be seen by reference to section 1697 of the Code of 1896, which, among other things, provides that the judge of probate must order a summons to issue to the party whose election is contested, accompan-

[Beason, et al. v. Shaw.]

ied with the copy of the statement, requiring such party to appear, etc. Further, the party whose election is contested must have 10 days' notice in writing of the day appointed for the trial.

The election sought to be contested in this proceeding is not the election of J. M. Shaw, nor of any other person. The fact that he signed the petition for the election did not make the election, when held, his election; and certainly it was no more his than it was that of the 60 other persons who signed the petition with him. He had no more interest in the election than did any other bona fide freeholder in the precinct in which the election was held, and was no more a proper party to the statement of contest, if a proper party at all, than were the other bona fide freeholders who may have voted for the prohibition of stock at large; and it is not even shown that Shaw voted for the prohibition. The election was not a matter of private, but of public, concern. The reference to the law applicable to contests of election of constable does not have the effect to change that law in any of its terms or in any respect, when resorted to for the purpose of contesting elections held under the statute under consideration. But it must be applied, if at all, as it is written.

To our minds the "constable law" is inappropriate, so much so that it cannot be resorted to for the purpose of inaugurating a contest of an election held under the statute under consideration. It follows that an effort to provide for a contest by reference to that law is futile, and the motion to dismiss the contest proceeding was properly granted.—*Clark v. Jack*, 60 Ala. 271.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.