# Hooper, *et al. v.* Bankhead & Bankhead.

## *Ejectment.*

(Decided Jan. 31, 1911.   54 South. 549.)

1. *Mines and Minerals; Recovery of Possession; Verdict.*—Where the action was in ejectment to recover the mineral interest in land, the verdict for the plaintiff properly found for the lands sued for, as the minerals under the ground are a part of the realty.

2. *Same; Adverse Possession; Severance.*—A severance of the mineral estate from the surface creates two distinct closes, and after severance, the adverse possession of the surface is not adverse as to the minerals.

[Hooper, et al. v. Bankhead & Bankhead.]

3. *Same.*—After severance from the surface minerals constitute a corporeal hereditament and title thereto cannot be lost by adverse possession except by the disseizure of the owner of the minerals; mere non-user does not affect the title.

4. *Same; Sufficiency of Possession.*—In order to claim minerals which have been severed in title from the surface by adverse possession, the claimant must do some act showing a permanent occupation and use, and an appropriation of the minerals adverse or hostile to the owner's rights as distinguished from a mere desultory or occasional occupation, such as occasional prospecting, etc.

5. *Descent and Distribution; Admission; Construction.*—An admission that if a certain witness were present, he would testify that he was a brother-in-law of W., who died soon after the Civil War, who was never married, and who left a mother, who had been dead about fifteen years, and five sisters, naming them, was an admission that the mother and five sisters were all of the heirs left by W. at his death.

6. *Tenancy in Common; Right of Co-tenant as to Third Person; Ejectment; Parties Plaintiff.*—Since the recovery of those suing in ures to the benefit of all the co-tenants, less than all of the tenants in common may sue to recover the whole of the common estate, as against a stranger.

7. *Adverse Possession; Character; Actual.*—Actual possession by the claimant is essential to support a claim to the property under the statute of limitations.

8. *Same; Color of Title; Invalid Tax Deed.*—An invalid tax deed may operate as color of title.

9. *Taxation; Tax Sales; Compliance With Statute.*—There must be a sufficient compliance with the statute as to the assessment and sale, to divest the title of the owner of realty by a sale of same for taxes.

10. *Same; Sale; Burden of Proof.*—One claiming land under a tax sale has the burden of showing a substantial compliance with the statute in the proceeding leading up to the sale.

11. *Same; Title of Purchaser.*—Where the state itself had no title the Auditor's deed undertaking to convey land bought in by the state at tax sale passes no title to the purchaser.

12. *Same.*—Under section 576, Code 1886, where the notice of sale did not state the amount for which the decrees were rendered, nor that the assessment was against an unknown owner, there was not such a substantial compliance with the statute as to divest the owner of title.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by Bankhead & Bankhead against J. deB. Hooper, and others, for possession of minerals. Judgment for plaintiffs and defendant appeals. Affirmed.

[Hooper, et al. v. Bankhead & Bankhead.]

J. M. CHILTON, for appellant. The case is governed as to the effect of the tax deed as evidence, and as to the statute of limitations, by the Code of 1896.—*Doe ex dem. Trotter v. Moog,* 150 Ala. 460. Where the husband did not join in the deed, it was void under the Code as existing in 1871.—*Alexander v. Salisbury,* 37 Ala. 365; *Vincent v. Walker,* 93 Ala. 169; *Stacey v. Walters,* 85 Ala. 291. It thus appears that if it had been shown that if the five sisters were the only heirs at law of William plaintiffs acquired the title of only three of the said sisters, and it thus affirmatively appears that plaintiff did not have the entire title to the mineral interest sued upon. The verdict therefore finding for the lands sued for was clearly erroneous.—*Hines v. Trantham,* 27 Ala. 359; *Tarver v. Smith,* 38 Ala. 139; *Lowery v. Rowland,* 104 Ala. 420, and cases there cited. There was a variance between the complaint and the verdict as the complaint claimed only the mineral interest in the lands, and the verdict was for all the lands sued for.— *Sawyer v. Fitts,* 4 S. & P. 365. As to the defendant's title it is insisted first that the deed from the Auditor prima facie carried title, and that if they did not they put the statute of limitations of three years in operation, and constituted color of title extending the adverse holding to the minerals on all of the lands described in them.—Section 606, Code 1886; Sec. 2311, Code 1907; Sec. 2297, Code 1907. To effect a bar under the statute of limitations, it is not necessary that the deeds should contain all the formalities essential to convey title.— *Pugh v. Youngblood,* 69 Ala. 296; *Hughes v. Anderson,* 79 Ala. 209; *Normant v. Eureka Co.,* 98 Ala. 189; *Hooper v. Clayton,* 81 Ala. 401; *Florence M. & W. Co. v. Warren,* 91 Ala. 537.

[Hooper, et al. v. Bankhead & Bankhead.]

BANKHEAD & BANKHEAD, *pro se.* A fair construction of the testimony of Snow is that the five sisters of Williams were his only heirs at law. No questions can be now raised as to the deed of the wife without the husband joining, as it is not shown that the husband was living at the time, and because no objections were interposed on that ground. But whatever view the court may take of this, appellees were entitled to recover of appellant the entire interest in the land.—*Dorlan v. Westervitch,* 140 Ala. 294; *Henry v. Frohlichstein,* 149 Ala. 333; *Thompson v. Mawhinney,* 17 Ala. 362; 17 A. & E. Enc. of Law, 669; 50 Am. St. Rep. 842 and note; 6 L. R. A. (N. S.) 710. The statutory action in our state is one to try the right of possession.—*Morris v. Beebee,* 54 Ala. 300; *Smith v. Gayle,* 58 Ala. 600. The owner of the surface can acquire title against the owner of the minerals underneath by no acts or continuous series of acts that would not give title to a stranger.—*Caldwell v. Copeland,* 37 Pa. 427. When mineral is severed by deed from the surface possession of the surface does not include possession of the minerals.—*L. & N. v. Massey,* 136 Ala. 156. *Black W. C. Co. v. West,* in MSS.; 39 L. R. A. 249; 176 Ill. 275; Barringer & Adams on Mines, 568-75; White on Mines, Sec. 436; 1 Cyc. 994. There can be no disseizure of minerals by an act which does not actually take the minerals out of the owner's possession. —38 L. R. A. 826. The statute of limitations does not apply because the coal was not developed and there was no adverse possession of it as it was in a state of nature.—58 . Va. 449; 7 L. R. A. (NS) 370; 78 Am. Dec. 436; 144 Pa. 613; *Robinson v. Allison,* 97 Ala. 600; *Williams v. Gibson,* 84 Ala. 231. The statute of limitations of three years has no application unless the state acquired title to the land at tax sales, for if the state had none, the Auditor's deed conveyed none to the purchaser.

[Hooper, et al. v. Bankhead & Bankhead.]

McCLELLAN, J.—Statutory ejectment, instituted by appellees against appellants, for the recovery of the mineral interest, only, in the lands described in the complaint. The plaintiffs would deduce their title, to one tract, from one Benager Williams, through mesne conveyances, and, to the other, from one Justice, through mesne conveyances. Both Williams and Justice appear to have been the original patentees of the lands in question. The defendants would trace their rights in the premises back to the state of Alabama; its asserted title being the product of tax sales and purchases by the state of Alabama. The verdict returned by the jury reads: "We, the jury, find for the plaintiffs for the lands sued for. A. A. Dougless, foreman." The judg ment declares that plaintiffs recover "the possession of the following lands, to-wit, sued for in the complaint; The coal, iron ore, and other minerals in the" lands described in the complaint.

Minerals in situ are a part of the realty—are lands. Hence the employment of the term "lands" in the verdict and in the judgment, as was done, was not at all inapt. Nor are the verdict and judgment broader than the interest claimed in the comlpaint.

In the bill it is recited: "It is admitted that W. H. Show, if present, would testify that he was a brother-in· law of Benager Williams, deceased, and that said Benager Williams died soon after the Civil War. He was never married. He left a mother who has been dead about 15 years, and five sisters as follows"—naming them.

A fair construction of the foregoing recitals leaves no room for doubt, we think, that the mother and five sisters of Williams were all the heirs left by him upon his decease.—*Singo v. McGhee*, 160 Ala. 252, 253, 49 South. 200.

As against a stranger to the title, one, or more, less than all, tenants in common may sue for and recover the whole of the realty, the subject of the tenancy in common, and the recovery inures to the benefit of all.— *Dorlan v. Westervitch,* 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35-41; *Lecroix v. Malone,* 157 Ala. 134, 47 S. W. 725; *Blakeney v. Du Bose,* 167 Ala. 627, 52 South. 746; Freeman on Cotenancy, § 343; note to *Marshall v. Palmer,* 50 Am. St. Rep. 838-843; note to *Williams v. Coal Creek Coal Co.,* 6 L. R. A. (N. 8) 710 et seq.; Warvelle on Eject. § 123; *Griswold v. Railroad* Co., 12 N. D. 435, 97 N. W. 538, 102 Am. St. Rep. 572.

There are, in other jurisdictions, decisions in express opposition to the stated doctrine. They may be found in part, by reference to Warvelle on Eject. § 124; 15 Cyc. p. 183.

The several decisions delivered here, cited by counsel for appellants as opposing the doctrine of *Dorlan v. Westervitch* and its successors, do not, when properly analyzed, so conclude. There is no factor of damages or mesne profits in this case, for none were awarded; hence the application of the rule announced to that matter is not to be considered on this appeal. We have been unable to find any deliverance by this court aside from *Dorlan v. Westervitch, Lecroix v. Malone,* and *Blakeney v. Du Bose,* supporting the doctrine before announced; and it must be conceded that, according to express statement, the announcement made in *Dorlan v. Westervitch* in this regard was dicta, as well as unsupported by the three decisions of this court therein cited. Notwithstanding, after a careful consideration of the reasons underlying the respective conclusions to which, on the present inquiry, learned courts and text-writers have yielded assent, we are convinced that the doctrine before stated is sound. No other con-

clusion appears to us as rationally possible, when it is accepted, as must be done, that as against all the world, except fellow tenants in common, a tenant in common is entitled to the unrestricted possession of the whole of the subject of the tenancy in common. Being so entitled, he must have his remedy against one without right to the possession. If such an one may, in effect, claim and assert and also retain an associate possession with one entitled to the rightful possession before stated, the inevitable result must be to establish for the stranger a status and relation equivalent, for all practical purposes, to that belonging to a tenant in common —a status and relation that rests, not on right, for such he has not, but on the mere negative fact that all of those entitled to the possession, per my et per tout, have not impleaded him. The result, in our opinion, refutes the proposition that must underlie it, viz., that tenants in common can only recover to the extent of his, or their interest or interests, against one without right to be in possession. One wrongfully in possession certainly ought not to be heard to complain of an ejection in toto, or be permitted to prolong such a possession solely because all those entitled to the possession have not brought their action to oust him.

There was no evidence tending, even, to support such an adverse possession, of the mineral interest in question, as operated to divest the title of the true owners thereto. After severance of the mineral, in situ, from the surface, the possession of the latter is not possession of the former. The effect of the severance is to create two closes, adjoining but separate. 20 Am. & Eng. Enc. Law, p. 774; 1 Cyc. pp. 994, 995; *Caldwell v. Copeland,* 37 Pa. 427, 78 Am. Dec. 436; *L. & N. R. R. Co. v. Massey,* 136, Ala. 156, 33 South. 896, 96 Am. St. Rep. 17; Barrenger & Adams on Mines, §§ 568-575; White on

[Hooper, et al. v. Bankhead & Bankhead.] ·

Mines, § 436; *Wallace v. Elm Grove Coal Co.*, 58 W. Va. 449, 52 S. E. 485; *Murray v. Allred*, 100 Tenn. 100, 43 S. W. 355, 39 L. R. A. 249, 253, 66 Am. St. Rep. 740; *Chartiers Block Coal Co. v. Mellon*, 152 Pa. 286, 25 Atl. 597, 18 L. R. A. 702, 705, 34 Am. St. Rep. 645.

The mineral, after severance, is a corporeal hereditament, and mere nonuser will not affect the owner's title; and to lose his right, by adverse possession, the owner must be disseized. 1 Cyc. pp. 994, 995; *Wallace v. Elm Grove Coal Co.*, supra; *Armstrong v. Caldwell*, 53 Pa. 284; *Caldwell v. Copeland*, supra; *Caldwell v. Fulton*, 31 Pa. 475, 72 Am. Dec. 760; *Kingsley v. Hillside Coal Co.*, 144 Pa. 613, 23 Atl. 250; *Williams v. Gibson*, 84 Ala. 228, 4 South. 350, 5 Am. St. Rep. 368.

The mere claim to property, unaccompanied by adverse possession, will not render available, to the claimant against the owner, the statute of limitations. 25 Cyc. p. 1012; *Newman v. Newman*, 60 W. Va. 371, 55 S. E. 377, 7 L. R. A. (N. S.) 370; *Sewell v. Nelson*, 113 Ky. 171, 179, 180, 67 S. W. 985; Warvelle on Eject. §§ 418, 419; *Pugh v. Youngblood*, 69 Ala. 296; *Doe ex dem. v. Anderson*, 79 Ala. 209.

In *Pugh v. Youngblood*, supra, wherein the limitation, then in force, against actions, after the defined period, presenting for determination rights with respect to lands sold for taxes, was under consideration, it was expressly ruled that a prerequisite to the protection the limitation was intended to afford was that the asserter thereof should have been, for the period, in "open continuous possession with a claim of title. * * *" The possession referred to in *Pugh v. Youngblood* and contemplated in the general proposition above announced, must be actual. No other character of possession could meet the conditions pronounced in *Pugh v. Youngblood*. In short, in order for a purchaser of a tax title to in-

voke the protection of the statute of limitation considered in *Pugh v. Youngblood* and of a like character of statute, now Code 1907, § 2311, he must have had, for the requisite period, adverse possession of the premises involved. *Doe ex dem. v. Anderson, supra,* and *Jones v. Randle,* 68 Ala. 261, also so conclude.

What will constitute adverse possession of minerals, severed, in title, from the soil?

Barringer & Adams on Mines, at pages 568, 569, say: "Such a possession (adverse) must be actual, notorious, exclusive, continuous, peaceable and hostile for the statutory period. And in these respects the surface owner is in no better position than a stranger. * * * Actual possession is taken by the opening of mines and carrying on of mining operations. That possession is continuous if the operations are continuous, or are carried on continuously at such seasons as the nature of the business and the customs of the country permit or required. A cessation of operations in accordance with the custom of the neighborhood, or from necessity occasioned by some natural agency, would not be an interruption of the possession. But there must be something evidencing possession in the interval which connects the operations when resumed with those which have gone before, and to distinguish such possession from a series of repeated acts of trespass."

To the same effect is White on Mines, §§ 430, 431, 432, 433.

Under the authorities, it is essential to effect adverse possession of minerals, after severance, in title, from the surface, that the adverse claimant do some act or acts evincing a permanency of occupation and use, as distinguished from acts merely occasional, desultory, or temporary—acts suitable to the enjoyment and appropriation of the mineral so claimed, and hostile to the

rights of the owner.  Warvelle, § 420; 1 Cyc. pp. 983-985, 994, 995; *Newman v. Newman, supra; Eureka Co. v. Norment,* 104 Ala. 625, 16 South, 579; *Alexander v. Savage,* 90 Ala. 383, 8 South. 93; *Elyton Co. v. Denny,* 108 Ala. 553, 18 South. 561; *Jackson Lumber Co. v. Mc-Creary,* 137 Ala. 282, 34 South. 850; *Washington v. Norwood,* 128 Ala. 390, 30 South. 405.

Before the title of the owner of real estate can be divested by proceedings to enforce the payment of taxes from him, substantial compliance with the statutory requirements thereof must be had; the burden to show such compliance being upon him asserting rights under the tax proceeding.—*Reddick v. Long,* 124 Ala. 260, 27 South. 402; *Johnson v. Harper,* 107 Ala. 706, 18 South. 198. Though the tax deed be ineffective to pass title, it may operate as color of title.—*Reddick v. Long, supra.* The auditor's deed, assuming to convey lands bought in by the state, at tax sale, passes no title if the state was without title.—*Fleming v. McGee,* 81 Ala. 409, 1 South. 106.

The sales of lands involved, from which the alleged title of the state was derived, were made in 1892. The procedure, in part, with respect to tax sales at that time was provided by Code 1886, § 576.—*McKinnon v. Mixon,* 128 Ala. 612, 29 South. 690. Among other substantive requirements, in that statute, for a sale, under the decree to that end, should state "the amount for which each decree was rendered, and the person against whom the taxes embraced in such decree were assessed, or, if assessed to 'owner unknown,' stating that fact." Without objection, certificates, by the judge of probate, reciting the assessment of a part of the lands in controversy to owner unknown, their sale under decree, and their purchase by the state, were admitted in evidence. Assuming, for the occasion, only, that these certificates,

after admission in evidence without question, possessed probative force to the extent of their recitals, they still fail because of the omission, to show full compliance with the statute cited. Section 576, ante. It is not recited in them that the notice of sale bore a statement of the amount for which the decrees were rendered; nor did they contain the statement that the assessment was against "owner unknown." These omissions, or one of them, if occurring in fact, avoided substantial compliance with the statutory requirements in the premises; such a compliance being essential to divest the owner's title.—*McKinnon v. Mixon, supra; Johnson v. Harper, supra.* The sole reliance to establish compliance with the decrees, being the certificates of the judge of probate, and these being omissive in the particulars indicated, the asserter of the tax title failed to carry the burden; and hence it was not shown that any title passed to the state under its alleged purchase at the tax sale. The state having no title, according to this record, the auditor's deed conveyed no title.

It may be conceded, but for the occasion only, that, had those claiming under the state gone into possession of the mineral interest in the lands in question, they might have referred to the conveyance from the auditor as color of title in the premises. It may be further conceded, but for the occasion only, that the ineffective conveyances from the auditor were efficient, to put in operation the statute of limitations of three years provided in Code 1896, § 4089. So assuming, we find, after careful review of the evidence most favorable to the possession requisite to invoke the application of the limitation stated, that the claimants, through the state, never took and maintained such possession of the minerals in question as to afford the limitation's protection, if it were available. The acts shown in the evidence

evinced no such continuity and permanency as the rules before stated contemplate. Indeed, these acts were desultory merely, indicating no more than occasional prospecting, to see whether mineral was there, rather than approaching the assumption of possession of the mineral. The mere claim of ownership of the mineral interest, without assuming an hostile (to the owner) actual possession of at least a part thereof, could not avail. Author, supra. For that reason, the statute of limitations cannot be applied.

It is by no means clear that the assimilatory statute (Code 1896, § 4102 [Code 1907, § 2325], conferring on purchasers from the state the like rights, remedies, etc., hended the limitation provided in Code 1896, § 4089 enjoyed by purchasers at a tax collector's sale, compre- (Code 1907, § 2311). See *Capehart v. Guffey*, 130 Ala. 425, 30 South. 390, and *Sheffield City Co. v. Tradesman's Bank*, 131 Ala. 192, 32 South. 508, stating the purpose and effect of this and related statutes. There is no specific reference in the assimilating statute to the limitation provided in the other statute. The limitation begins to run in favor of the purchaser at tax collector's sale, when the deed is demandable. When the right to demand accrues is fixed by other provisions. It is in relation to the expiration of the fixed period when the owner may redeem that the limitation statute makes provision for the point of time when the deed is demandable. Of course, no such conditions surround the purchaser from the state. He is, simply, a buyer for cash. There is no redemption right or period to be considered. May the assimilatory statute be read as conferring the right provided by the limitation?

In the particular with which we are now concerned, section 4102 (section 2325) belongs to that class of statutes called "reference statutes."—*Phenix Assur. Co.*

*v. Fire Dept. of Montgomery,* 117 Ala. 631, 646, 23 South. 843, 42 L. R. A. 468; *Ex parte Greene & Graham,* 29 Ala. 52; Lewis' Sutherland on Stat. Construction, §§ 405, 406, 407; Endlich's Int. Stat. § 493.

In *Ex parte Greene & Graham, supra,* this rule is recognized: That ordinarily a "reference statute" embraces only the general, not the particular, powers. In *Matthews, Finley & Co. v. Sands & Co.,* 29 Ala. 136, the rule stated was applied. In *Beason v. Shaw,* 148 Ala. 544, 42 South. 611, 18 L. R. A. (N. S.), 566, it was ruled that a "reference statute" did not avail to provide for the contest of a stock law election, because the means, viz., the contest of a constable's election, contemplated were inappropriate.

In section 407 of Lewis' Sutherland, a number of instances, which, we take it, illustrate the application of the rule before stated, may be found. With these suggestions, we leave the inquiry without deciding it.

Error not being made to appear, the judgment must be affirmed.

Affirmed. All the justices concur.