# Doe, *Ex dem.* Christopher *v.* Webb, *et al.*

### *Ejectment.*

(Decided Feb. 2, 1911. 54 Soth. 627.)

1. *Ejectment; Boundary Line; Evidence.*—Where the title depends upon the location of a boundary line the question is one of fact and not of law.

2. *Same.*—The evidence in this case examined and held sufficient to support the findings and judgment of the court in favor of the defendant.

[Doe, Ex dem. Christopher v. Webb, et al.]

3. *Same.*—Where the trial is by the court and the defendant claims title to the land under a deed purporting to describe it, the deed becomes admissible, as against the objection that it does not describe the land, that being a matter which the court may determine after admission of the deed.

4. *Same; Evidence.*—Deeds which do not purport to describe the land in dispute, and do not relate thereto, are not admissible.

5. *Adverse Possession; Extent of Title; Effect.*—Where plaintiff and defendant in ejectment claimed title to the land in dispute from a common source, and the defendant claims title by deed and also shows possession for nearly forty years, such possession is sufficient to extinguish the title of the original grantor, and those claiming through him regardless of the description in his deed.

6. *Same; Validity of Title or Claim; Statutory Provision.*—Where a defendant in ejectment showed adverse possession for more than twenty years before the passage of the act (Acts 1892-3, p. 478), and did not claim to have acquired any title subject to its passage, the act had no bearing on defendant's title by adverse possession.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by John Doe on the demise of A. L. Christopher against Simon Webb and others. Judgment for defendants and plaintiffs appeal. Affirmed.

CULLI & MARTIN, for appellant. Under section 2865, the court should reverse and render. A deed is not admissible in evidence which does not describe the lands sued for.—*Morning v. Tipton,* 126 Ala. 350. It is not good to show adverse possession under color of title.—*Leadbetter v. Baldwin,* 128 Ala. 418. A witness who knows the facts may testify whether or not lands described in the complaint were the same as those described in the deed.—*Dorlan v. Westovitch,* 140 Ala. 283. Errors in description cannot be supplied by parol evidence in actions of ejectment.—*Donahue v. Johnson,* 120 Ala. 442; *Bromberg v. Yukers,* 108 Ala. 577.

HOOD & MURPHREE, for appellee. Under the facts in this case, defendants had acquired title to this land or strip by adverse possession and by prescription, whether

the land was conveyed by the deed or not.—*Long v. Palmer*, 81 Ala. 388. The statute relating to the filing of adverse claims cannot apply because the holding was complete before its enactment, and no title is asserted to have been acquired since its enactment. The cases cited by appellant announce sound principles of law, but are without application to the case made by the facts here.

MAYFIELD, J.—This was a common-law action of ejectment, by appellant against appellees, to recover the possession of lots 3 and 4, block 16, Hill & Cansler addition to the city of Gadeden, Ala. The defendants disclaimed all the lands sued for, except that part which may be south and east of the fences as they ran at the time of the filing of this suit: First, east from a hickory tree to Twelfth street; secondly, south from said hickory tree towards Chestnut street. In this disclaimer, defendants suggested that the suit arose over a disputed boundary line; the defendants claiming that the north and west boundary lines of their property—and therefore the south and east boundary lines of the plaintiff's property—are marked by two fences extending at right angles from a certain hickory tree, while the plaintiff claims that said boundary lines lie, respectively, south and east of said fences.

The judgment entry shows that the case was tried upon this issue of a disputed boundary line, and the bill of exceptions shows that the only controversy was whether these fences marked the boundary lines of defendant's property, or whether they had encroached upon the property of plaintiff, and, if so, how much. Both parties claim through a common source of title— one O. P. Hill. Hill conveyed one square acre of ground out of the southeast corner of the 40-acre tract, of which all the land in question is a part. Subsequent-

[Doe, Ex dem. Christopher v. Webb, et al.]

ly Hill conveyed other parts of this 40 to various par-
ties, from whom plaintiff derived title by regular and
proper conveyances. About 1887 the part of the 40 not
conveyed to Milly Webb was surveyed into lots, blocks,
streets, and alleys, and as so conveyed, was platted, re-
corded, and made an addition to the city of Gadsden.
Lots 3 and 4 of this survey are the lots described by
plaintiff in his suit.

It was not intended by Hill, in his subsequent convey-
ances, to convey any part of the acre which he had deed-
ed to Milly Webb in 1870; nor did the grantees, includ-
ing the plaintiff, claim any portion of that acre. The
real dispute and contention was over plaintiff's claim
that Hill only conveyed a square acre, to be taken out
of the southeast corner of this 40-acre tract, and that
the northern and eastern boundary lines would not ex-
tend as far as is claimed by the defendants. If it had
been intended to convey only a square acre out of the
exact southeast corner of this section, then plaintiff's
theory would be well grounded, and the deed would
not have conveyed the land in dispute; that is, plaintiff's
contention as to the boundary lines would be correct.
But the defendants claim that, before the deed was made
by Hill, he surveyed off the particular acre, marked its
boundaries, and made the hickory tree in question the
northwest corner of the acre, instructing Milly Webb,
the grantee, and her friends and children, including
the defendants, never to allow that tree to be destroyed,
because it was the monument that marked the northwest
corner of her land; that a fence was thereupon built,
inclosing the acre granted, and that this fence was run
east and south from this hickory tree to the lines of the
particular 40 described; that it was so fenced when this
deed was made in 1870, and that the fence remained in
the same position until this suit was brought, which

was for nearly 40 years, with the exception of a short time, when the plaintiff removed a part of it to the point claimed by him as the line; that the fence was afterwards restored by the defendants, and now remains substantially where it was originally erected when the deed was made.

Defendants had witness after witness to testify to substantially this state of facts. The plaintiff, however, claims that this fence is not now where it was originally placed, and that it has been in this position for only a few years before suit brought; that, as the strip in question was not included in the description in defendant's deeds, they have not acquired title by adverse possession. The question of title to this strip of land in dispute, which depended entirely upon the boundary line, was a question of fact, and not one of law. If plaintiff's evidence is true, the strip belongs to plaintiff; if defendant's is true, it belongs to defendant.

The facts, as well as the law, were tried by the court without a jury, and judgment was rendered for defendants. The trial court had all the witnesses before it, could see their demeanor on the stand, and weigh their evidence. We are remitted to a mere reading of that evidence; and we are not persuaded that the court erred as to its finding of the facts necessary to support the judgment rendered. It is certain that there is ample evidence to support it, if the court believed that part of the evidence to be true. It is evident that the court believed it, from its finding in accordance therewith. If defendants' evidence was true, they and their mother had been in the possession of this strip for nearly 40 years, claiming it as their own against all the world. This was certainly sufficient to defeat the title of the original grantor, O. P. Hill, and those claiming through him, if his deed never conveyed it. So it is unnecessary

[Doe, Ex dem. Christopher v. Webb, et al.]

to decide whether the deeds in question described it or did not describe it.

The trial court did not err in allowing the defendants to introduce their deeds in evidence. They were clearly admissible and proper for the consideration of the court on the trial of the issues involved. They related to the land in question, and it was for the court to say whether or not they described it. The court could not decide that question without an examination of the deeds.

There was no error in excluding the deeds offered by plaintiff. They did not relate to, or purport to describe, the land in question, and were not binding upon the defendants in this suit.

The act of the Legislature of February 11, 1893 (Laws 1892-93, p. 478), as to the recording or registration of adverse claims of title to land, had nothing whatever to do with the case. If the defendants, or Milly Webb, under the undisputed evidence in this case, had title, they acquired it long before the passage of this statute. They had been under this claim of title, whether it be based upon the deed or upon adverse possession, in the continuous, undisputed, open, and notorious possession of this land for more than 20 years before the passage of this statute. They do not insist upon, or claim to have acquired, any title subsequent to the passage of that act.

No error appearing, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.