(77 South. 368)
BRACELY v. NOBLE.   (3 Div. 291.)

(Supreme Court of Alabama.  Nov. 15, 1917. Rehearing Denied Dec. 24, 1917.)

1. STATUTES ⟲138(2)—AMENDMENT—REFERENCE TO TITLE.

Code 1907, § 1328, providing that such persons as are authorized to redeem property sold at state tax sales may redeem property sold for municipal taxes, and adopting the appropriate provisions of section 2313, relating to redemption of property sold at state tax sales, does not offend Const. § 45, providing that no law shall be reviewed, amended or the provisions thereof extended or conferred, by reference to its title only.

2. TENANCY IN COMMON ⟲20(1) — REDEMPTION.

Redemption from a tax sale by a tenant in common inures to the benefit of all cotenants, even though the period of redemption has expired as to the latter.

3. MUNICIPAL CORPORATIONS ⟲981 — TAX SALE—REDEMPTION—TENDER TO WHOM.

Under Code 1907, §§ 1328, 1329, relating to redemption of property sold for municipal taxes, one redeeming must pay or tender the money due to the purchaser or the city treasurer, and not to a vendee of such purchase.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Proceedings by John B. Noble against Sallie Bracely to redeem land sold for taxes. Decree for plaintiff, and defendant appeals. Reversed and remanded.

Weil, Stakely & Vardaman, of Montgomery, for appellant.  Geo. D. Noble and Beckwith & Davison, all of Montgomery, for appellee.

THOMAS, J.  Appellee, John B. Noble, is seeking to redeem from appellant, Sallie Bracely, certain real estate situate in the city of Montgomery, which was sold for municipal taxes under a decree of the city court of Montgomery. The appeal is taken from the decree overruling demurrer to the bill.

As last amended, the bill averred that on October 9, 1909, George D. Noble was the owner of the property in question; that on the 26th day of February, 1911, said Noble died, and that on March 15, 1911, the last will and testament of said decedent was duly admitted to probate; that under said will the complainant took an undivided interest in the property sought to be redeemed; that at the time of the death of said testator complainant was an infant, aged 17 years, and that he reached his majority on the 10th day of

September, 1915; that the sale of said property under said decree was had on the 9th day of October, 1909. The original bill in this cause was filed on the 9th day of September, 1916.

Appellant's counsel thus correctly states the question for decision:

"It is obvious from the foregoing statement of facts that the attempt to redeem was made more than two years after the date of the sale for taxes. It is the position of appellee that he was not barred by the two-year period of limitations, because, being a minor when he came into his rights with reference to this property, he had an additional year after he attained his majority within which to make the redemption; * * * that section 1328 and section 2313 [of the Code] should be so construed together as to give him this additional year. It is patent that, if a minor is entitled to one year within which to redeem [from such municipal tax sales] from the time he reaches his majority, then John B. Noble filed his bill to redeem within the time allowed by law."

It is provided by statute that:

"Real estate sold for taxes and bid off by the state may be redeemed at any time before the title passes out of the state, or if purchased by any other purchaser, may be redeemed at any time within two years from the date of the sale, by the owner, his heirs, or personal representative, or by any mortgagee or purchaser of such lands, or any part thereof, or by any person having an interest therein, or in any part thereof, legal or equitable, in severalty or as tenants in common, including a judgment creditor, or other creditor having a lien thereon, or on any part thereof; and an infant or insane person entitled to redeem at any time before the expiration of two years from the sale, may redeem at any time within one year after the removal of his disability; and such redemption may be of any part of the lands so sold, which includes the whole of the interest of the redemptioner." Code, § 2313.

And that:

"Such persons as are authorized to redeem property sold at state tax sales, may redeem from the purchaser at any sale for municipal taxes or assessments at any time within two years after the sale, upon paying to the purchaser or to the city treasurer the amount for which the property was sold and fifteen per centum per annum, and such sums as the purchaser may have paid for taxes and assessments, and the interest thereon, and all sums for which such parties may have become liable, on account of taxes or assessments, to pay by reason of owning the property, together with the sum of two dollars to pay the cost of reconveyance of such property." Code, § 1328.

The codification of section 1 of an act approved February 28, 1889 (Gen. Acts 1888–89, p. 777), and of section 34 of an act approved February 28, 1887 (Gen. Acts, 1886–87, p. 23), was as section 2313 of the Code; and section 115 of the act approved August 13, 1907 (Gen. Acts 1907, pp. 790, 845), was inserted in the Code as section 1328 thereof. After these two sections were so incorporated into the Code and became effective, redemption of property sold for municipal taxes, and of such property sold for state taxes, was subject to the respective statutes having application. The former, by reference, adopted those provisions of the latter statute that were applicable, and made them apply to the redemption of real property sold for municipal taxes.

[1] It has been declared by other courts that the provisions of one statute may be made applicable to another by reference (Binghampton Bridge Co., 3 Wall. 51, 18 L. Ed. 137; Turnley v. Wilton, 36 Ill. 385; Garland v. Hickey, 75 Wis. 178, 43 N. W. 832; Warrington Water Works Co. v. Longshow, 9 Q. B. D. 145; 36 Cyc. 969), in the absence of constitutional restriction. The provision of our Constitution that, "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only," etc. (Const. § 45), applies to a law which is strictly amendatory or revisory. Ex parte Pollard, 40 Ala. 77, 100; Ferguson v. Commissioners' Court of Jackson Co., 187 Ala. 645, 653, 65 South. 1028.

There is a class of statutes known as "reference statutes" that impinge upon no constitutional limitation. It comprises—

"statutes in original form, and in themselves intelligible and complete, 'statutes which refer to, and by reference adopt, wholly or partially, pre-existing statutes, the statute referred to is treated and considered as if it were incorporated into and formed a part of that which makes the reference. The two statutes coexist as separate and distinct legislative enactments, each having its appointed sphere of action; and the alteration, change, or repeal of the one does not operate upon or affect the other.'" Savage v. Wallace, 165 Ala. 572, 51 South. 605; Hooper et al. v. Bankhead, 171 Ala. 626, 637, 54 South. 549; Beason v. Shaw, 148 Ala. 544, 546, 42 South. 611, 18 L. R. A. (N. S.) 566; Ex parte Greene, 29 Ala. 52; Phœnix Assurance Co. v. Fire Dept., 117 Ala. 631, 23 South. 843, 42 L. R. A. 468; State v. Lamar, 5 Ala. App. 259, 59 South. 737; Endlich on Interp. Stat. §§ 50, 150; 2 Lewis' Sutherland; Stat. Const. § 404 (257) et seq.

When so adopted, only such portion is thus put in force as relates to the particular subject of the adopting act or statute, and as is applicable and appropriate thereto. Matthews, Finley & Co. v. Sands, 29 Ala. 136; Hooper v. Bankhead, supra, 171 Ala. 638, 54 South. 549; Sloss-Sheffield Co. v. Smith, 175 Ala. 260, 265, 57 South. 29.

If there be any doubt as to the application of the rule of reference statutes to the statutes for construction, such doubt is dispelled by consideration of the fact that both statutes are embraced in the Code, where they were adopted as parts of one and the same law. The two statutes relate to the redemption of lands sold for taxes, respectively, by the municipality and by the state, and are incorporated in the Code of 1907 as sections 1328 and 2313. As so enacted and construed, they provide a harmonious system for the redemption of such lands from tax sales. Sutherland, Stat. Const. § 2881; Ryan v. Sawyer, 195 Ala. 69, 71, 72, 70 South. 652.

The reference (in section 1328 of the Code), "Such persons as are authorized to redeem property sold at state tax sales," etc., adopts the appropriate provisions of section 2313 of the Code, and by so doing does not

offend section 45 of the Constitution. The provisions of the latter statute having application, and so adopted by reference, define classes of persons who may redeem from such tax sales, and, of necessity, fix the period within which the redemption must be effected by such persons so enumerated.

[2] The complainant, being an infant at the date of the sale under the decree of the city court of Montgomery in equity, and entitled to redeem at any time before the expiration of two years, may redeem, "at any time within one year after the removal of his disability," "any part of the lands so sold, which includes the whole of the interest of the redemptioner." And, being a tenant in common, a redemption by him will inure to the benefit of all cotenants. Donnor v. Quartermas, 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; Johns v. Johns, 93 Ala. 239, 9 South. 419; Scott v. Brown, 106 Ala. 604, 17 South. 731; Russell v. Bell, 160 Ala. 480, 483, 49 South. 314.

[3] Although redemption statutes are remedial, and are liberally construed, the right thereunder must nevertheless be asserted—

"in the mode, under the circumstances, and upon the conditions expressed in statute. The courts cannot change the mode, or vary the circumstances or conditions, upon which the statute may declare the right shall depend." Boyd v. Holt, 62 Ala. 296; Roach, Judge, etc., v. State ex rel. Albritton, 148 Ala. 419, 426, 39 South. 685.

In Bains Bros. Invest. Co. v. Walthall, 180 Ala. 45, 60 South. 142, it was sought to redeem lands that had been sold by the chancery court for municipal taxes. It was there declared that the remedy given by sections 1328 and 1329 of the Code did not take away the remedy by bill in chancery, referring, of course, to redemption from sales made in chancery for municipal taxes. When so understood, Bains' Case is seen not to be in conflict with the decision in Osborne v. Waddell, 176 Ala. 232, 57 South. 698, as to the jurisdiction of the chancery court to enforce the right of redemption of lands from municipal tax sales. The Osborne Case related to redemption from a tax sale for state and county taxes, and the mode and terms of redemption prescribed by section 2314 of the Code were that the party entitled to redeem from such tax sale shall deposit "with the judge of probate of the county in which the land is situated the amount of moneys for which the lands were sold, with interest thereon at the rate of fifteen per centum per annum," etc. Under sections 1328 and 1329 of the Code, redemption from a municipal tax sale of lands may be had "upon paying to the purchaser or to the city treasurer" the amounts designated by the statute.

The bill in the instant case avers that respondent, Sallie Bracely, was not the "purchaser" at the municipal tax sale, but was a subpurchaser or vendee thereunder. The provisions of the statute are specific that:

"Upon the tender by such party offering to redeem, and the payment thereof [of the requisite sum] to the purchaser, or a deposit of the sum due to the purchaser with the treasurer, the deed executed by the register shall be void, and upon a refusal of the purchaser or his vendee to reconvey to the parties redeeming, the council may authorize a deed to be made to the parties redeeming, which shall convey all title the city or the purchaser derived at such tax sale, but the interest of the owner of the property and the parties in interest redeeming shall be adjusted between the parties as are other legal and equitable interests." Code, §§ 1328, 1329.

Thus it is made clear that the redemption must be effectuated, as the statute declares, by payment to the purchaser at the tax sale, as contradistinguished from his vendee, or subvendees thereunder, or by payment to the treasury of the city making the sale. And to prevent manifest injustice to such vendees and subvendees, the statute further provides that "the interest of the owner of the property" at the time of the redemption, and that of "the parties in interest" redeeming, "shall be adjusted between the parties as are other legal and equitable interests."

The averments of the bill are not sufficient to show a redemption as required by sections 1328 and 1329, as they refer to and adopt the pertinent provisions of section 2313 of the Code.

The decree of the circuit court sitting in equity is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.